EDEL v FILER TOWNSHIP

1. ZONING—ORDINANCES—VALIDITY—STATUTES.

Failure of a township clerk to keep a book of ordinances in strict compliance with statutory provisions was not adequate ground to invalidate the township's zoning ordinance where the township had originally maintained a file of ordinances in which all of the township's zoning ordinances were set forth and subsequently had maintained bound volumes containing the zoning ordinances and all prior amendments for distribution to all interested parties (MCLA 41.192).

2. ZONING—ORDINANCES—EFFECTIVE DATE—STATUTES.

A zoning ordinance which provided penalties for violation and therefore could not have taken immediate effect because it was passed prior to the statute permitting immediate effective dates for such ordinances but which contained a provision that it was to take "immediate effect and be in force from and after the earliest date allowed by law" became effective 30 days after its first publication date by operation of law (MCLA 41.191, 125.281).

3. ZONING—ORDINANCES—VALIDITY—BELATED CHALLENGES—PUBLIC POLICY.

A belated challenge to the validity of a zoning ordinance on the statutory grounds that the township involved had failed to pass a resolution declaring its intent to proceed under the township rural zoning act and had failed to maintain a book of ordinances was unreasonable where the zoning ordinance had been the subject of public acquiescence and reliance for 18 years because public policy forbids an attack based upon informalities and irregularities in the procedure which led to the adoption of the ordinance when it has been accepted as a valid enactment for a long period of time and property owners affected by it have conformed to its provision and have fixed their status accordingly (MCLA 41.192, 125.272).

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 58 Am Jur, Zoning § 14 *et seq.*
[2] 58 Am Jur, Zoning § 146.

Appeal from Manistee, Charles A. Wickens, J. Submitted Division 3 May 10, 1973, at Grand Rapids. (Docket No. 15438.) Decided August 29, 1973. Leave to appeal denied, 391 Mich —.

Complaint by Bernard Edel and Margaret Edel against Filer Township to have the township's zoning ordinance declared invalid. Summary judgment for plaintiffs. Defendant appeals. Reversed and remanded.

*Greer, Thomas & Fleming, P. C.,* for plaintiffs.

*Bauckham, Reed & Lang,* for defendant.

Before: DANHOF, P. J., and McGREGOR and MILES,* JJ.

DANHOF, P. J. Defendant township appeals from a grant of summary judgment as a matter of law, GCR 1963, 117.2(3), in favor of plaintiff property owners, declaring the township's 1954 zoning ordinance invalid. We reverse.

Plaintiffs, whose property has at all times since the adoption of the ordinance in question been zoned Ag-1: agricultural, attempted without success in April of 1972 to obtain from the township zoning authorities a rezoning of their property to a light industrial classification. Plaintiffs thereafter commenced this action by complaint filed July 21, 1972, alleging (1) that the ordinance amounted to an unconstitutional taking of their property without just compensation; (2) that the ordinance should be declared unenforceable as to their property; (3) that the township had failed in 1954 to pass a resolution declaring its intent to proceed under the township rural zoning act contrary to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the provisions of § 2 of 1943 PA 184, being MCLA 125.272; MSA 5.2963(2), and further that the township failed to maintain a book of ordinances as required by § 2 of 1939 PA 191, being MCLA 41.192; MSA 5.6(2). It was on this third count that the circuit court entered summary judgment for plaintiffs.

The record reveals that prior to approval of the ordinance in question, the township zoning board caused on June 23 and July 14, 1954 a notice to be published in a newspaper of general circulation in the township stating that a public hearing would be held on July 17, 1954 relative to the tentative zoning plan and ordinance prior to submission on August 13, 1954 to the township board. Following adoption by the township board on September 25, 1954, the ordinance as approved was published together with a zoning map in the same newspaper of general circulation on September 29, 1954. The ordinance was to take "immediate effect and be in force from and after the earliest date allowed by law".

The record further reveals that, from time to time subsequent to the adoption of the 1954 ordinance, after appropriate publication and notice of hearings by the zoning board, recommendations were made for amendments to the zoning ordinance and amendments were adopted by the township board. On August 13, 1960, a comprehensive amendment was adopted affecting ten articles and subsections of the zoning ordinance and was published in full on the same date.

In the opinion of the trial court, the zoning ordinance was invalid for the following reasons: (1) the township's failure to adopt a resolution and publish notice of intent to zone under the enabling legislation; (2) the township's failure to maintain a

book with required certifications by the township clerk of ordinance publication dates and to record the vote of the township board therein; (3) since the ordinance could not take immediate effect, the general provision that the effective date of the ordinance is "the earliest date allowed by law" was insufficient for interested parties to be able to determine as of what date the ordinance took effect.

Were it not for the fact that the ordinance in question had been in existence for approximately 18 years and that during this period numerous owners and occupiers of property in Filer Township had relied upon it, we would be in complete agreement with the trial court. Defendant township concedes that it cannot prove publication of notice of intent, but points to the fact that plaintiffs acknowledged in effect the existence of the ordinance by applying to the zoning board for rezoning of their property. Moreover, although there was a failure to maintain a bound book of ordinances prior to 1961, the township did maintain a file of ordinances in which all of the township's zoning ordinances were set forth. In September of 1961, after the adoption of the comprehensive amendment in the preceding year, a bound volume was printed containing the zoning ordinances of the township and all prior amendments. These bound volumes were maintained by the clerk of the township for distribution to all interested parties. We hold that the failure of the township clerk to keep a book of ordinances in strict compliance with MCLA 41.192; MSA 5.6(2) is not adequate ground to invalidate this ordinance.

It is true that in 1954, before the fourth sentence of MCLA 125.281; MSA 5.2963(11) was added by 1960 PA 146, this ordinance which provided

penalties for violation could not have taken immediate effect, but rather became effective upon the expiration of 30 days after the first publication date of September 29, 1954. However, this should hardly be a basis for setting aside an ordinance challenged for the first time after 18 years. By operation of MCLA 41.191; MSA 5.6(1), this ordinance became effective on October 30, 1954.

When a zoning ordinance has been the subject of public acquiescence and reliance for this length of time, the reasonableness of a belated challenge is certainly open to question. Such challenges have been successfully defended on the basis of estoppel or by overriding policy considerations. The Missouri Supreme Court, in the case of *Taylor v Schlemmer,* 353 Mo 687; 183 SW2d 913 (1944), refused to permit purchasers of property to attack a 14-year-old ordinance on the grounds that proper notice of hearing had not been given prior to adoption. The Court said at 695; 183 SW2d at 916, in quoting another decision:

"'Where there is no laches, however, and an ordinance is attacked within a reasonable time after its enactment, formal or procedural defects will not be tolerated and will cause it to be set aside.'"

A similar challenge was turned aside by the Iowa Supreme Court in *City of Creston v Center Milk Products Co,* 243 Iowa 611, 614–615; 51 NW2d 463, 465 (1952):

"As pointed out by the trial court, the ordinance, if valid, had been in effect for twenty-one years at the time defendant assailed it. Under it the City had granted more than four hundred building permits. In general the owners and occupiers of property in Creston had relied upon its validity in dealing with and improving such property since 1930. Apparently its validity

had never been challenged in any suit prior to the present action.

"For twenty-one years the public acquiesced in and permitted the exercise of authority, under the zoning ordinance, throughout the City. During this time and in reliance upon the validity of the ordinance there have been changes in conditions involving extensive property interests. An adjudication that the ordinance never took effect because of the failure to strictly comply with the statute requiring its publication after its adoption would result in much confusion and loss. Such a sacrifice should not be demanded upon merely technical grounds. Under the circumstances the doctrine of estoppel is applicable. After such long acquiescence by the public with the results above-stated, no one may contend the ordinance never took effect because of irregular publication."

The public policy considerations were alluded to by Mr. Justice William J. Brennan, Jr., then a judge of the New Jersey Superior Court, in the case of *Struyk v Samuel Braen's Sons,* 17 NJ Super 1, 9; 85 A2d 279, 282–283 (1951):

"The ordinance has been in effect for ten years and '[p]ublic policy forbids an attack based upon informalities and irregularities in the procedure which led to the adoption of the ordinance, when it has been accepted as a valid enactment for a long period of time, and property owners affected by it have conformed to its provisions, and have fixed their status accordingly'."

This language has been quoted with approval by this Court in the recent case of *Northville Area Non-Profit Housing Corp v Walled Lake,* 43 Mich App 424, 434; 204 NW2d 274, 280 (1972), where the city attempted to prove its own zoning ordinance, in effect little more than 4 years, invalid because of lack of publication of notice of hearing. In a comprehensive statement of public plicy, this Court in *Northville* stated:

"In the orderly process of handling real estate transactions where they are affected by provisions of zoning ordinances and amendments, it is essential that the members of the general public and the people buying or selling real estate must be able to rely on the validity of the public record, to wit: a zoning ordinance and the zoning map issued in accordance with such zoning ordinance, without the necessity of poring over musty files and searching newspaper morgues, going back years in order to avoid a claim by other persons that there was a failure to comply with some technical requirement of law in the adoption of the ordinance in question. To hold otherwise would bring about chaotic conditions beyond all comprehension in the transfer and usage of real estate in any community having a zoning ordinance affecting such land." 43 Mich App at 435–436; 204 NW2d at 280.

We find this language all the more controlling in the case at bar because of the considerably longer period of public reliance. We hold that the ordinance is valid and that the granting of summary judgment was erroneous.

Reversed and remanded for proceedings not inconsistent with this opinion. No costs, a public question being involved.

All concurred.