RICHMOND TOWNSHIP v ERBES

Docket Nos. 131179, 131564. Submitted January 15, 1992, at Grand
Rapids. Decided August 3, 1992, at 9:00 A.M. Leave to appeal
sought.

Richmond Township brought an action in the Osceola Circuit
Court against Garth, Rita, and Oneida Erbes, seeking to enjoin
them from manufacturing or assembling pallets on their farm
on the basis that such activity constituted a business use
contrary to the township's zoning ordinance. The defendants
contended that the zoning ordinance is invalid because it was
improperly enacted and that, even if the ordinance is valid, the
Right to Farm Act, MCL 286.471 *et seq.*; MSA 12.122(1) *et seq.*,
permits their pallet-making operation. The court, George Van
Kula, J., entered a judgment and order permanently enjoining
the defendants from manufacturing or assembling pallets made
from trees other than those grown on their land. The court
found that the defendants were estopped on the basis of public
policy from challenging any procedural irregularities in the
enactment of the ordinance because the challenge, brought
thirteen years after the ordinance was enacted, was untimely
and that the Right to Farm Act did not protect the pallet-
making operation. The court also ordered the defendants' attor-
neys, Herrinton, Herrinton & Tacoma, P.C., and James C.
Herrinton and Lois H. Herrinton, to pay sanctions of $750
pursuant to MCR 2.114 for filing a motion for an improper
purpose. The defendants appealed from the order enjoining
their pallet-making operation (Docket No. 131564). The Herrin-
tons appealed from the part of the order that required them to
pay sanctions (Docket No. 131179). The appeals were consoli-
dated.

The Court of Appeals *held:*

1. The trial court properly held that the defendants were
estopped on the basis of public policy from challenging any
procedural irregularities in the enactment of the zoning ordi-

REFERENCES

Am Jur 2d, Motions, Rules, and Orders § 5; Zoning and Planning
§§ 340-342.
See the Index to Annotations under Motions; Zoning.

nance. Regardless of whether the township was required to comply strictly with the procedural requirements of the Township Rural Zoning Act, MCL 125.271 *et seq.*; MSA 5.2963(1) *et seq.*, in enacting the ordinance, its alleged failure to do so does not require invalidation of the ordinance because the defendants' challenge was untimely.

2. The defendants' counsel on appeal and their former trial counsel acted deceptively in attempting to circumvent the page limitation applicable to appellate briefs in raising an issue concerning the alleged deprivation of the defendants' right to due process. Remand is required in Docket No. 131564 to allow the trial court to determine the amount of actual damages to which the township is entitled for responding to the defendants' due process issue.

3. The trial court did not clearly err in determining that the pallets defendants construct do not fall within the definition of "farm products" contained in the Right to Farm Act and that the act does not protect their pallet-construction operation.

4. MCR 2.114 applies to pleadings, and, according to MCR 2.110(A), a motion is not a pleading. Therefore, the rule cannot be used to impose sanctions upon a person who signs a motion that is submitted for an improper purpose. The part of the order imposing sanctions against the Herrintons for filing a motion for an improper purpose must be vacated.

Affirmed in part, vacated in part, and remanded.

1. ZONING — ESTOPPEL — MUNICIPAL CORPORATIONS — ORDINANCES — PROCEDURAL IRREGULARITIES IN ENACTMENT.

A party may be estopped on the basis of public policy from challenging procedural irregularities in the enactment of a township zoning ordinance where, during a lengthy time following enactment, township officials and residents acted in accordance with the ordinance and no challenges were made with regard to the validity of its enactment.

2. WORDS AND PHRASES — RIGHT TO FARM ACT — "FARM PRODUCTS".

Wood pallets that are assembled on farm property from wood that has not been grown on the property are not "farm products" as defined in the Right to Farm Act (MCL 286.472; MSA 12.122[2]).

3. PLEADING — MOTIONS AND ORDERS — SANCTIONS.

The court rule that provides for the imposition of sanctions if a pleading is signed in violation of the rule applies to pleadings only; because a motion is not a pleading, the rule cannot be used to impose sanctions upon a person who signs a motion

that is submitted for an improper purpose (MCR 2.110[A], 2.114).

*Bauckham, Sparks, Rolfe & Thomsen, P.C.* (by *John H. Bauckham, John K. Lohrstorfer,* and *Eileen W. Wicklund*), for the plaintiff.

*Marco S. Menezes,* for Garth, Rita, and Oneida Erbes.

*Herrinton, Herrinton & Tacoma, P.C.* (by *Lois H. Herrinton*), for Herrinton, Herrinton & Tacoma, P.C., and James C. Herrinton and Lois H. Herrinton.

Before: BRENNAN, P.J., and HOLBROOK, JR., and McDONALD, JJ.

HOLBROOK, JR., J. In these cases consolidated on appeal, defendants, Garth Erbes, Rita L. Erbes, and Oneida Erbes, appeal as of right an Osceola Circuit Court judgment and order enjoining them from manufacturing or assembling pallets on their farm as a business use contrary to the plaintiff's zoning ordinance. Appellants Herrinton, Herrinton & Tacoma, P.C., James C. Herrinton, and Lois H. Herrinton (the Herrintons) also appeal as of right from the part of the same judgment that ordered sanctions against them in the amount of $750. The Herrintons were the Erbes' attorneys for the circuit court action and were ordered to pay sanctions by the circuit court for filing a motion to dismiss and a supporting brief for an improper purpose. We affirm the circuit court judgment, but vacate that part of the judgment ordering sanctions against the Herrintons.

Oneida Erbes owns approximately forty acres of farmland in Richmond Township. Garth and Rita Erbes, Oneida's son and daughter-in-law, live with

Oneida and maintain the property. Defendants continue a small traditional farming operation on the property.

In 1978, the Richmond Township Board adopted a resolution for zoning the township. The hearing was held on August 14, 1978. The parties dispute whether the hearing was held by the township board or by the newly established zoning board. Minutes of the meeting were taken by the township clerk, but apparently no minutes of the meeting were taken by a member of the township's zoning board. Attendance vouchers indicate that several members of the zoning board were present. The former township clerk testified at trial that neither the proposed ordinance nor a zoning map were available at the hearing.

On December 4, 1978, the Richmond Township Board adopted the proposed zoning ordinance. The version of the ordinance adopted by the board classified defendants' property as residential.

On January 18, 1983, plaintiff adopted a "compilation" of its ordinances, incorporating much of the 1978 zoning ordinance, along with amended and additional sections. The amended zoning ordinance, now included in the 1983 compilation, was entitled Ordinance No. 9.

In 1985, Garth and Rita Erbes began to make wood pallets from wood grown on the wood lot on the farm. A pallet is a wooden platform made of slats cut from low-grade lumber and nailed or stapled together. As production increased, the operation developed into an informal cooperative utilizing wood cut from neighboring farms and sawed at local mills or on portable farm sawmills. Local farmers then used the materials to make pallets, with some of the construction taking place at defendants' farm. Defendants distributed materials and collected pallets because many of the

participants in the pallet operation were Amish and did not have motor vehicles or telephones.

On July 1, 1987, Garth Erbes contacted Richard Kirch, the Richmond Township zoning administrator, and inquired regarding whether defendants could construct a pole barn on the property for the purposes of storage, horse stalls, and pallet assembly. Kirch told him that the uses were permitted because the property was zoned agricultural. The parties dispute whether Kirch later told defendants that the zoning did not permit use of the building for pallet assembly. Defendants applied for and received a building permit for the pole barn.

Defendants then constructed the pole barn at an approximate cost of $10,000. The county building inspector inspected the barn and issued the compliance permit on August 6, 1987. Defendants commenced pallet assembly in the barn. On October 1, 1987, Garth Erbes contacted Kirch concerning proposed additions to the barn. Kirch informed him that pallet assembly activities on defendants' property were in violation of the township zoning ordinance. Garth Erbes then applied for a zoning permit and a building permit to make the additions to the barn. The permit applications were denied.

On December 4, 1987, Kirch issued defendants a notice of zoning violation, stating that defendants were violating Ordinance No. 9 by conducting an industrial operation in a nonindustrial-use zone. Kirch issued a similar notice on January 14, 1988, and a third notice on March 7, 1988. The third notice charged defendants with violating §§ 20.804 to 20.806 of the zoning ordinance. Defendants claim that these sections are not included in the 1983 compilation of the ordinance, and are instead

found in the 1978 zoning ordinance, which the township contends was incorporated into the 1983 version.

Plaintiff then brought criminal charges against defendants in district court alleging violation of Ordinance No. 9. Those charges were dismissed without prejudice. Plaintiff also instituted a civil action in circuit court, seeking injunctive relief for the zoning violation. Defendants counterclaimed, contending that the township's zoning ordinance was invalid because it was improperly enacted. Defendants further contended that even if the zoning ordinance were valid, the Right to Farm Act, MCL 286.471 *et seq.*; MSA 12.122(1) *et seq.*, permitted defendants to carry on their pallet operation.

Following an eight-day bench trial held between June 20, 1989, and January 12, 1990, the trial court issued its opinion on April 11, 1990. Relevant to the issues on appeal, the trial court found that the August 14, 1978, hearing was a joint hearing by the township board and the zoning board. The court found that the text of the ordinance and a zoning map were available at the hearing and that the zoning board did not make substantive changes to the ordinance after it was adopted by the township board on December 4, 1978. The trial court then held that plaintiff was not obligated to strictly comply with the procedural requirements of the Township Rural Zoning Act, MCL 125.271 *et seq.*; MSA 5.2963(1) *et seq.*, and that defendants were estopped on the basis of public policy from challenging any procedural irregularities in the enactment of the ordinance. The trial court rejected defendants' argument that the Right to Farm Act protected their pallet operation. The court concluded that defendants were precluded by the ordinance from conducting the

pallet operation, which constituted an unlawful extension of a nonconforming use.

During the proceedings before the circuit court, the Herrintons filed a motion to dismiss on behalf of defendants. The motion sought dismissal pursuant to MCR 2.116(C)(8) and (9), and was filed with documentary evidence appended. Plaintiff responded to the motion on November 2, 1989. The Herrintons also filed a brief supporting the motion, but did not file the brief until November 1, 1989, and it was not received by plaintiff's counsel until November 3, the Friday before a scheduled Monday hearing. Plaintiff moved for an award of attorney fees, contending that both the motion and the brief were untimely.

On July 5, 1990, the circuit court issued an opinion and order granting plaintiff's request for sanctions. The circuit court found that defendants' motion to dismiss was untimely, that the documentary evidence was improperly appended to the motion, and that the brief supporting the motion was filed untimely and improperly.

On July 18, 1990, the circuit court issued its judgment and order permanently enjoining defendants from conducting their pallet operation on their property, except for pallets constructed from wood grown on their property.

### DOCKET NO. 131564

In this case, defendants appeal the circuit court's order permanently enjoining them from conducting their pallet operation, raising several issues. We find their third issue dispositive of most of their remaining issues, and address this issue first.

Defendants contend that the trial court erred in holding that they were estopped on the basis of

public policy from challenging any procedural irregularities in the enactment of the ordinance. Defendants maintain that they should not be barred where plaintiff has failed to show that it would be prejudiced by such a challenge. We disagree.

When a zoning ordinance has been the subject of public acquiescence and reliance for a lengthy time, the reasonableness of a belated challenge is questionable. *Edel v Filer Twp,* 49 Mich App 210, 214; 211 NW2d 547 (1973); *Northville Area Non-Profit Housing Corp v Walled Lake,* 43 Mich App 424, 434-435; 204 NW2d 274 (1972). In *Edel,* a challenge to a zoning ordinance eighteen years after its enactment based on a claim that the township failed to strictly comply with the notice requirements of the enabling legislation was held to be precluded by estoppel and by overriding policy considerations. The Court in *Northville* concluded that a challenge to a zoning ordinance four years after its enactment on the ground that the ordinance was improperly enacted was precluded on public policy grounds. In this case, defendants challenged the zoning ordinance thirteen years after its enactment. During that time, township officials and residents acted in accordance with the ordinance, and no challenges were made with regard to the validity of its enactment. Consequently, we affirm the trial court's decision that defendants are estopped from challenging the ordinance as having been improperly enacted.

Defendants argue that the trial court erred in holding that plaintiff was not obligated to strictly comply with the procedural requirements of the Township Rural Zoning Act. We recognize that townships lack authority to zone except as specifically granted in the enabling legislation, and that the mandatory provisions of such enabling legisla-

tion require compliance. See *Fox & Associates, Inc v Hayes Twp,* 162 Mich App 647, 650; 413 NW2d 465 (1987); *Krajenke Buick Sales v Hamtramck City Engineer,* 322 Mich 250, 255; 33 NW2d 781 (1948); *Davis v Imlay Twp Bd,* 7 Mich App 231, 236; 151 NW2d 370 (1967). However, failure to strictly comply with the mandatory procedures of the act does not necessarily invalidate an ordinance. See *Brae Burn, Inc v Bloomfield Hills,* 350 Mich 425, 429; 86 NW2d 166 (1957); *Brown v Shelby Twp,* 360 Mich 299, 307; 103 NW2d 612 (1960). Regardless of whether plaintiff was required to strictly comply with the act's procedures, its failure to do so does not require invalidation of the ordinance, because the defendants' challenge was untimely.

Defendants further argue that the trial court made findings against the great weight of the evidence when it found that the August 14, 1978, hearing was a joint hearing by the township board and the zoning board, the text of the ordinance and the zoning map were available at the hearing, and the zoning board did not make substantive changes to the ordinance after it was adopted by the township board on December 4, 1978.

Defendants did not move timely for a new trial and therefore failed to preserve this issue for review. *Jenkins v Raleigh Trucking Services, Inc,* 187 Mich App 424, 429; 468 NW2d 64 (1991). Nevertheless, this Court could review the issue if failure to consider it would result in a miscarriage of justice. *Petrus v Dickinson Co Bd of Comm'rs,* 184 Mich App 282, 288; 457 NW2d 359 (1990). No miscarriage of justice will result from our failure to review the issue because defendants are estopped from challenging the ordinance as having been improperly enacted.

Next, defendants contend that plaintiff failed to

comply with the notice requirements of the Township Rural Zoning Act, MCL 125.279; MSA 5.2963(9), when it adopted the 1983 compilation of ordinances, which contains Ordinance No. 9. Notwithstanding defendants' failure to cite authority for their position that the entire compilation is invalid because certain sections were amended without adherence to the proper procedure, defendants are again estopped from challenging the ordinance on public policy grounds. *Edel, supra; Northville, supra.* Moreover, the trial court correctly found that the changes in the text of the 1978 ordinance as compiled in the 1983 ordinance were not relevant to defendants' property.

The next issue raised by defendants is whether the adoption and enforcement of Ordinance No. 9 deprives defendants of due process of law. However, the trial court did not address this issue, and our review is limited to issues actually decided by the trial court. *Lowman v Karp,* 190 Mich App 448, 454; 476 NW2d 428 (1991).

We find that defense counsel improperly presented this issue on appeal. First, defendants' trial counsel, the Herrintons, attempted to raise and argue this issue on behalf of defendants in the Herrintons' brief on appeal. Because the Herrintons no longer represent defendants in this matter, the Herrintons are without standing to raise the issue. *Ford Motor Co v Jackson (On Rehearing),* 399 Mich 213, 226; 249 NW2d 29 (1976); *Grace Petroleum Corp v Public Service Comm,* 178 Mich App 309, 312-313; 443 NW2d 790 (1989). Second, the Herrintons note in their brief on appeal that they separated their appeal from that of defendants, their former clients, because they wanted to dedicate their brief to raising their appeal of the sanction. The Herrintons thought that raising their issue and defendants' issues in one brief

would be unfair to defendants, who required the full fifty pages allowed by MCR 7.212(B) for their brief. The Herrintons proceeded in their brief on appeal, however, to use approximately twenty-five pages discussing issues on behalf of defendants, which the Herrintons lack standing to raise. Third, defendants' appellate counsel filed a fifty-page brief on behalf of defendants. With regard to the issue of due process, defendants' appellate counsel simply referenced the Herrintons' brief without presenting any argument other than a list of citations.

An appellant must properly argue issues identified in the statement of the questions in order to properly present an appeal. *Midland v Helger Construction Co, Inc,* 157 Mich App 736, 745; 403 NW2d 218 (1987). We believe defendants' appellate counsel and former trial counsel acted deceptively to circumvent the page limitations of MCR 7.212(B). Accordingly, plaintiff is entitled to appellate costs because the appellate briefs of defendants' appellate counsel and former trial counsel are grossly lacking in the requirements of propriety and grossly disregarded the requirements of a fair presentation of the issues to the court. MCR 7.216(C)(1)(b).

Defendants' final argument is that the trial court clearly erred when it determined that the Right to Farm Act does not protect their pallet-making operation. They claim that the trial court clearly erred in finding that defendants' property is not a "farm," that defendants are not conducting "farm operations," and that pallets are not "farm products" as defined in the act. Defendants maintain that the trial court erred in failing to apply the interim guidelines regarding farm processing of fiber products.

The Right to Farm Act was enacted by our

Legislature in 1981 to protect farms from being declared a nuisance. *Northville Twp v Coyne,* 170 Mich App 446, 448-449; 429 NW2d 185 (1988). The act prohibits a farm or farm operation from being declared a public or private nuisance where the farm or farm operation conforms to "generally accepted agricultural and management practices." MCL 286.473(1); MSA 12.122(3)(1). Whether the farm or farm operation conforms to such practices is determined according to policies articulated by the state agricultural commission. *Id.*

Section 2 of the Right to Farm Act provides in pertinent part:

> (c) "Farm product" means those plants and animals useful to human beings and includes, but is not limited to, forages and sod crops, grains and feed crops, dairy and dairy products, poultry and poultry products, livestock, including breeding and grazing, fruits, vegetables, flowers, seeds, grasses, trees, fish, apiaries, equine and other similar products, or any other product which incorporates the use of food, feed, fiber, or fur.
>
> (d) "Generally accepted agricultural and management practices" means those practices as defined by the commission of agriculture. The commission shall give due consideration to available Michigan department of agriculture information and written recommendations from the Michigan state university college of agriculture and natural resources cooperative extension service and the agricultural experiment station in cooperation with the United States department of agriculture soil and conservation service and the agricultural stabilization and conservation service, the department of natural resources and other professional and industry organizations. [MCL 286.472; MSA 12.122(2).]

The primary goal of statutory interpretation is to ascertain and give effect to the intent of the

Legislature. *Lorencz v Ford Motor Co,* 187 Mich
App 63, 68-69; 466 NW2d 346 (1991), lv gtd 437
Mich 1036 (1991). The legislative intent can be
ascertained by examining the language of the act,
the subject matter under consideration, the scope
and purpose of the act, and preceding statutes.
*Girard v Wagenmaker,* 437 Mich 231, 238-239; 470
NW2d 372 (1991). In enacting the Right to Farm
Act, the Legislature was concerned with the regu-
lation of land use imposed upon farms by local
government as well as private sources, and the
impact of such regulation upon farming opera-
tions. *Northville Twp, supra,* p 448.

In this case, we need not determine whether
defendants' property is a "farm" or whether defen-
dants are conducting "farm operations" because
the dispositive issue is whether the pallets pro-
duced by defendants are "farm products" under
the act. The pallets are constructed of wood and
nails or staples. The vast majority of the wood
used for the pallets originates from outside defen-
dants' property, while a very small portion of the
wood is taken from defendants' property. The
products, therefore, are not grown on the property,
but are only assembled there from purchased ma-
terial. The pallets do not match any of the defini-
tions of farm products set forth in the act, and are
not specifically mentioned in the Department of
Agriculture's guidelines.

Defendants argue, however, that the pallets fit
within the more general phrase included at the
end of the statutory definition of farm products
that includes "any other product which incorpo-
rates the use of food, feed, fiber, or fur."

Statutes are to be construed to avoid absurd or
unreasonable results. *Lepp v Cheboygan Area
Schools,* 190 Mich App 726, 732; 476 NW2d 506
(1991). Under the rule of ejusdem generis, where a

statute contains general words that follow a designation of particular subjects, the meaning of the general words will be presumed to be restricted by the particular designation as including things of a similar kind, class, character, or nature as those specifically enumerated. *Attorney General v Blue Cross & Blue Shield of Michigan,* 168 Mich App 372, 380-381; 424 NW2d 54 (1988).

Applying this rule of statutory construction, the trial court in this case found that the general words "any other product which incorporates the use of food, feed, fiber, or fur" must be read to mean other products of the same nature as those enumerated in that section. The trial court correctly noted that to give the words the broad meaning argued by defendants would be to allow practically anyone to claim protection under the act when constructing, for example, flooring or furniture, which are arguably products incorporating fiber. The trial court determined that farm products as defined by the act did not incorporate pallets that were only assembled on the property without any of the product having been grown on the property. It was not improper for the trial court to look to the definitions of farm products used by other jurisdictions, considering the lack of guidance provided by the act and the guidelines. We find that the trial court did not clearly err in determining that defendants' pallets do not fall within the statutory definition of farm products.

### DOCKET NO. 131179

In this case, the Herrintons appeal the trial court's order imposing sanctions against them for filing an improper motion. The Herrintons also raise substantive issues on behalf of defendants, but as we have already ruled, the Herrintons lack

standing to raise these issues. *Ford Motor Co v Jackson (On Rehearing), supra; Grace Petroleum Corp, supra.*

The Herrintons argue that the trial court was not justified in ordering sanctions under MCR 2.114. In *Contel Systems Corp v Gores,* 183 Mich App 706, 710-711; 455 NW2d 398 (1990), this Court stated:

> Since the imposition of a sanction under MCR 2.114 is mandatory upon the finding that a pleading was signed in violation of the court rule, or a frivolous action or defense had been pled, there is no discretion for the trial court to exercise in determining if a sanction should be awarded. Rather, the relevant inquiry is whether the trial court erred in finding that the court rule had been violated and, therefore, that the imposition of a sanction was required. Since this involves a finding of fact by the trial court, that finding must be reviewed to determine if it is clearly erroneous. MCR 2.613(C). A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been committed. *Tuttle v Dep't of State Hwys,* 397 Mich 44; 243 NW2d 244 (1976).

MCR 2.114(D)(3) provides:

> Effect of Signature. The signature of an attorney or party, whether or not the party is represented by an attorney, constitutes a certification by the signer that
> (3) the pleading is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Court rules are subject to the same rules of statutory construction as are statutes. *Collier v*

*Westland Arena, Inc,* 183 Mich App 251, 255; 454 NW2d 138 (1990). Applying the rules of statutory construction, we find that where a court rule provides its own glossary, the terms must be applied as expressly defined. See *Harder v Harder,* 176 Mich App 589, 591; 440 NW2d 53 (1989).

MCR 2.114(D)(3) plainly states that the rule applies to "pleadings." A motion is not a pleading pursuant to MCR 2.110(A). This Court's opinions affirming the imposition of sanctions under MCR 2.114 have involved cases where the propriety of pleadings, and not motions, was disputed. See, e.g., *In re Goehring,* 184 Mich App 360, 366-368; 457 NW2d 375 (1990); *Contel Systems Corp, supra.* Although plaintiff relies on *Ramsey v Pontiac,* 164 Mich App 527, 538; 417 NW2d 489 (1987), that case refers to the imposition of costs for a frivolous motion, as opposed to sanctions for an improper motion. Thus, MCR 2.114 cannot be used to impose sanctions upon a person who signs a motion that is submitted for an improper purpose.

Because the trial court clearly erred in imposing sanctions against the Herrintons pursuant to MCR 2.114 for filing a motion for an improper purpose, we find it unnecessary to discuss whether the motion was improper, whether the Herrintons were denied due process, or the reasonableness of the sanction. Regarding the Herrintons' issue that the court is required to sanction plaintiff's counsel for filing the allegedly frivolous motion for sanctions, this issue was not raised in the trial court and we consider it unpreserved for our review. *Lowman, supra.*

In Docket No. 131179, we vacate that part of the trial court's order of judgment imposing sanctions against the Herrintons for filing a motion for an improper purpose.

In Docket No. 131564, we affirm the trial court's

decision that defendants are estopped on the basis of public policy from challenging plaintiff's zoning ordinance. Moreover, we find that the trial court did not err in determining that the Right to Farm Act does not protect defendants' pallet-construction operation. However, we remand this case to the trial court for it to determine the amount of actual damages to which plaintiff is entitled for responding to defendants' due process issue. We do not retain jurisdiction.