WARDEN v FENTON LANES, INC

Docket No. 127574. Submitted March 5, 1992, at Lansing. Decided
December 29, 1992, at 9:00 A.M. Leave to appeal sought.

Ardis A. Warden brought a personal injury action in the Genesee
Circuit Court against Fenton Lanes, Inc., after she fell while
bowling at the defendant's bowling alley. Blue Cross & Blue
Shield of Michigan, the plaintiff's health insurer, paid the cost
of medical care related to the plaintiff's injury, and filed notice
of a $7,396 lien against sums she might recover in the action.
The defendant offered to stipulate the entry of a $5,000 judg-
ment for the plaintiff. The plaintiff rejected the offer and filed a
counteroffer to stipulate the entry of a $25,000 judgment. The
defendant rejected the counteroffer, but settled the claim by
Blue Cross and satisfied its lien. A jury returned a verdict of
$26,510 in favor of the plaintiff, whom it found to be forty
percent comparatively negligent. The court, Valdemar L. Wash-
ington, J., reduced the verdict accordingly, arriving at a figure
of $15,906.44, added $2,531.09 in interest and $509.02 in costs,
and entered a judgment of $18,946.55. The plaintiff moved for
costs and attorney fees as sanctions for the defendant's rejec-
tion of her counteroffer. MCR 2.405. The defendant moved for
an evidentiary hearing concerning whether the judgment
should be reduced pursuant to MCL 600.6303; MSA 27A.6303
by the amount of benefits received by the plaintiff from collat-
eral sources, i.e., sick pay from her employer and medical
benefits from Blue Cross. The defendant further moved for
costs and attorney fees under MCR 2.405, contending that the
judgment, if reduced to reflect the collateral source benefits,
would be less than the average of the offer and counteroffer.
The court granted the plaintiff's motion and also imposed
sanctions under MCR 2.114 on the defendant's attorney for
filing a frivolous motion. The defendant appealed.

The Court of Appeals *held:*

REFERENCES

Am Jur 2d, Judgments § 1080; Stipulations §§ 1 *et seq.*.

See ALR Index under Collateral Source Rule; Damages; Judgments,
Orders, and Decrees; Preliminary or Pretrial Matters; Stipula-
tions.

1. The trial court properly refused to consider benefits from collateral sources for purposes of imposing sanctions for the rejection of an offer or counteroffer to stipulate the entry of a judgment. MCR 2.405, in defining "adjusted verdict" and providing when sanctions may be imposed, does not instruct that benefits from collateral sources be deducted from judgments representing damages for economic losses in personal injury actions, as provided in MCL 600.6303; MSA 27A.6303.

2. The trial court erred in calculating interest on the judgment at a rate of twelve percent rather than at the rate of one percent plus the average interest rate on five-year United States Treasury notes calculated at six-month intervals, as mandated by MCL 600.6013(5),(6); MSA 27A.6013(5),(6). The case must be remanded for recalculation of interest.

3. Although a reduction of the judgment for collateral source benefits is not required for determination of sanctions for refusal of an offer or counteroffer to stipulate the entry of a judgment, such a reduction is required for determining the proper final judgment in a personal injury action. In this case, no reduction for sick pay or medical benefits is required. The jury took into account the plaintiff's receipt of sick pay. MCL 600.6303(4); MSA 27A.6303(4) provides that benefits paid by a party entitled by contract to a lien against the proceeds of a recovery by a plaintiff are not collateral source benefits if, as in this case, the lien has been exercised. Moreover, the lien has been satisfied. The trial court did not err in failing to deduct these benefits from the final judgment.

4. The trial court did not abuse its discretion in limiting the time allowed for closing arguments.

5. The trial court erred in imposing sanctions on the defendant's attorney pursuant to MCR 2.114 for filing a frivolous motion. The court rule requires the signature of a party or its attorney on all pleadings, provides that such a signature serves to certify that the pleading is not interposed for any improper purpose, and authorizes sanctions for its violation. The court rule does not apply to motions, however, because motions are not pleadings, as held in *Richmond Twp v Erbes,* 195 Mich App 210 (1992), an opinion with which this panel disagrees, but must follow pursuant to Administrative Orders Nos. 1990-6 and 1991-11.

Affirmed in part, reversed in part, and remanded.

PRETRIAL PROCEDURE — OFFERS TO STIPULATE ENTRY OF JUDGMENT — PERSONAL INJURY ACTIONS.

Benefits from collateral sources received by a plaintiff in a

personal injury action seeking damages for economic losses are not deducted from the adjusted verdict for purposes of determining whether sanctions may be imposed for the refusal of an offer or counteroffer to stipulate the entry of a judgment (MCR 2.405; MCL 600.6303; MSA 27A.6303).

*Michael A. Kowalko,* for the plaintiff.

*Kallas, Lower, Henk & Treado, P.C.* (by *Ted M. Kozerski*), for the defendant.

Before: MARILYN KELLY, P.J., and McDONALD and G. S. ALLEN,* JJ.

McDONALD, J. Defendant, Fenton Lanes, Inc., appeals as of right the lower court judgment, entered on a jury verdict, in favor of plaintiff, Arids A. Warden, in this negligence action relating to plaintiff's injury at defendant's bowling alley. We affirm in part, reverse in part, and remand.

Plaintiff fell and injured her hip while bowling at defendant's bowling alley. She filed suit, alleging negligence and breach of implied warranty for defendant's failure to maintain its bowling lane and failure to warn of dangerous conditions.

Before trial, plaintiff's insurance carrier, Blue Cross & Blue Shield of Michigan, brought a motion to intervene as a plaintiff. The trial court denied intervention, but ordered Blue Cross to file a notice of its $7,396 contractual lien against all sums recovered by plaintiff. A mediation panel subsequently awarded plaintiff $25,000. The award included a $3,000 valuation of the lien held by Blue Cross. Plaintiff accepted the award, while defendant rejected it. Defendant then submitted an offer to stipulate the entry of a judgment in the amount of $5,000. Plaintiff rejected the offer and filed a

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

counteroffer of $25,000. Defendant rejected the counteroffer. Defendant and Blue Cross ultimately reached a separate settlement of $2,000 as satisfaction of the lien and all claims for reimbursement from either defendant or plaintiff of health care benefits paid by Blue Cross. A release to that effect was executed.

Following a two-day trial, the jury returned a verdict of $26,510, but found plaintiff to be forty percent comparatively negligent. The trial court adjusted the jury verdict by reducing it by the percentage of plaintiff's comparative negligence, arriving at a figure of $15,906.44, then added $2,531.09 in interest and $509.02 in costs, resulting in a judgment of $18,946.55 being entered in favor of plaintiff.

The primary dispute raised by defendant on appeal concerns the method of calculating an adjusted verdict for the purpose of imposing sanctions pursuant to MCR 2.405 when an offer to stipulate the entry of a judgment is rejected. Defendant argues the trial court erred in awarding sanctions to plaintiff.

Following the entry of the verdict, plaintiff moved for costs and attorney fees under MCR 2.405, asserting the "average offer" was $15,000 and the "adjusted jury verdict" was $18,437.39. Defendant brought two motions. The first motion was for entry of judgment on the jury verdict or for an evidentiary hearing with respect to a reduction of the verdict by the amount of benefits received from collateral sources. The second motion was for costs and attorney fees under the offer of judgment rules. Defendant argued it was entitled to costs because after deducting the collateral source benefits plaintiff received from her employer, Fenton Public Schools, and her health care provider, Blue Cross, the jury verdict would be

reduced to $1,297.80, an amount well under the average offer. A few days before the hearing, defendant filed an amended schedule of adjustments to the jury verdict, claiming the adjusted verdict was $11,594.40 rather than $1,297.80. Defendant still maintained it was entitled to costs and attorney fees.

At the hearing on the parties' motions, the trial court refused to consider defendant's amended schedule of adjustments because defendant's supplemental motion was untimely. The court also refused to consider the value of the Blue Cross lien or apply any statutory reductions attributable to collateral benefits in calculating the adjusted verdict. The trial court found the adjusted verdict to be $18,437.53, an amount exceeding the average offer of $15,000. Thus, the court found plaintiff was the prevailing party under MCR 2.405 and awarded her costs and attorney fees. In addition, the trial court imposed sanctions of $750 on defendant's attorney for filing a frivolous motion under MCR 2.114.

On appeal, defendant contends the trial court failed to apply the tort reform statute when it calculated the adjusted verdict. Specifically, defendant argues the trial court failed to consider payments to plaintiff from her employer and health care provider as collateral benefits deductible from the jury verdict pursuant to MCL 600.6303(2) and (4); MSA 27A.6303(2) and (4). We disagree.

In this case, both parties rejected the others offer to stipulate the entry of judgment. We note that the average offer in this case was $15,000, a result of the $5,000 offer by defendant and plaintiff's counteroffer of $25,000. MCR 2.405 governs offers to stipulate the entry of a judgment. If an offer is rejected, costs are payable as follows:

(1) If the adjusted verdict is more favorable to the offeror than the average offer, the offeree must pay to the offeror the offeror's actual costs incurred in the prosecution or defense of the action.

(2) If the adjusted verdict is more favorable to the offeree than the average offer, the offeror must pay to the offeree the offeree's actual costs incurred in the prosecution or defense of the action. However, an offeree who has not made a counteroffer may not recover actual costs. [MCR 2.405(D).]

The court rule specifically defines "adjusted verdict" as the verdict plus interest and costs from the filing of the complaint through the date of the offer. MCR 2.405(A)(5). The tort reform statute, which defendant argues must also be applied to reduce the adjusted verdict before determining sanctions, instructs a court to reduce a "final judgment" in a personal injury action by the amount a plaintiff has received from a list of enumerated collateral sources. MCL 600.6303(1); MSA 27A.6303(1). This rule attempts to prevent a plaintiff from recovering the same expenses from both defendant and a collateral source. The provision addresses the deductions required in reaching a "final judgment." However, as noted, the court rule specifically governs the method of calculating an "adjusted verdict" for the purpose of determining sanctions against a defendant. As defined, an adjusted verdict does not include deductions of collateral source benefits. MCR 2.405(A)(5).

We therefore conclude the trial court utilized the proper method in calculating the adjusted verdict for purposes of determining sanctions.

Although the trial court used the correct formula to arrive at the adjusted verdict, we find the court erred in calculating the interest owed on the verdict. As mandated by statute, the rate of interest to be applied to a verdict is equal to one

percent plus the average interest rate on five-year United States Treasury notes, to be calculated at six-month intervals. MCL 600.6013(5) and (6); MSA 27A.6013(5) and (6). In this case, the court erred in applying a blanket rate of twelve percent. Nonetheless, because the jury verdict adjusted for forty percent comparative negligence exceeds the $15,000 average offer, the court's error in calculating interest does not affect plaintiff's entitlement to sanctions.

Having concluded the court used the correct formula to determine an adjusted verdict for the purpose of imposing sanctions, we note that the tort reform legislation, specifically the deductions of collateral source benefits, does apply to the entry of a final judgment in this case. MCL 600.6303(2) and (4); MSA 27A.6303(2) and (4). We must therefore determine whether the trial court erred in failing to deduct certain alleged benefits from collateral sources from the final judgment.

Defendant first claims plaintiff's wage loss benefits collected from her employer, Fenton Public Schools, should have been deducted from the final judgment. Although employee benefits are considered collateral source benefits pursuant to § 6303(4), in this case the calculation of plaintiff's wage loss already included a deduction for sick leave payments. The jury, therefore, did not consider wage loss benefits in reaching a verdict, and no deduction from the verdict was necessary. We find no error.

Defendant next contends the medical payments plaintiff received from Blue Cross were benefits from a collateral source and should have been deducted from the judgment. We disagree. The expenses were not collateral source benefits within the meaning of MCL 600.6303; MSA 27A.6303. Subsection 4 clearly states that benefits paid by a

party entitled by contract to a lien against the proceeds of a recovery by a plaintiff in a civil action for damages are not collateral source benefits if the lien has been exercised. In this case, Blue Cross provided notice of its lien at the commencement of the action. Moreover, pursuant to a settlement agreement, the lien has been satisfied. The trial court did not err in failing to deduct the alleged collateral source benefits from the final judgment.

Defendant next claims the trial court erred in limiting the parties to ten minutes for closing argument. We disagree. A court may limit the time allowed each party for opening and closing statements, but must give adequate time for argument, taking into consideration the complexity of the action. MCR 2.507(F). This Court has recognized a trial court's broad discretion in matters of trial conduct, including limiting arguments of counsel. *People v Green,* 34 Mich App 149, 152; 190 NW2d 686 (1971). In this case, the jury heard testimony from five witnesses about the accident. Defense counsel was able to cover every element necessary for a decision of the case, and the trial court adequately instructed the jury with regard to the law. Under the circumstances, the trial court did not abuse its discretion in limiting counsel to ten minutes for closing argument. Furthermore, any error resulting from the time limitation was in fact harmless, as evidenced by the jury's verdict of no cause of action with respect to plaintiff's breach of warranty claim. We find no error.

Defendant's final argument concerns the trial court's award to plaintiff of $750 in fees pursuant to MCR 2.114. This sanction resulted from the motion filed by defense counsel to reduce the verdict from $26,510 to $1,297.80.

The court rules require an attorney of record or

a party to sign every pleading. MCR 2.114(B). The rules further govern the effect of the party's or attorney's signature on such documents:

> The signature of an attorney or party . . . constitutes a certification by the signer that
>
> (1) he or she has read the pleading;
>
> (2) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the pleading is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and
>
> (3) the pleading is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. [MCR 2.114(D).]

This signature requirement and the implications of a signature help to ensure pleadings are verified before they are filed. Under MCR 2.114(E), the court is required to impose an appropriate sanction against the party, the attorney, or both if a document covered by the rule is signed in violation of the rule. In addition, the pleading of a frivolous claim or defense will subject the offending party to additional sanctions provided in MCL 600.2591; MSA 27A.2591. MCR 2.114(F); MCR 2.625(A)(2).

Although the court in this case failed to indicate whether sanctions were imposed under MCR 2.114(E) or (F), we believe the sanctions to be proper under subsection E. Subsection E speaks of the "signing" of a "pleading" and MCR 2.113(A) states that the rules pertaining to the signing of pleadings apply to all motions.[1] See *Morris v De-*

---

[1] We note the same result would not obtain under MCR 2.114(F). This subsection clearly states its applicability to the pleading of a frivolous claim or defense and is not subsumed within the definition of applicability contained in MCR 2.113(A) because it is not a rule

*troit,* 189 Mich App 271; 472 NW2d 43 (1991).

Defendant's attorney admitted the motion seeking to reduce the verdict from $26,510 to $1,297.80 was based upon numerous "miscalculations." Moreover, defendant's amended pleading, which purportedly attempted to supply the court with accurate information, was filed after the trial court's deadline and reached plaintiff's attorney only on the day of the hearing for entry of judgment. The trial court could rationally find that defendant's motion was not well founded in fact. Thus we would find the sanctions in the amount of $750, the amount defense counsel billed his client for the motion, proper under MCR 2.114(E). However, pursuant to Administrative Order Nos. 1990-6 and 1991-11, we are constrained to follow *Richmond Twp v Erbes,* 195 Mich App 210; 489 NW2d 504 (1992), wherein a panel of this Court[2] held that a motion was not a pleading pursuant to the definition of "pleading" contained in MCR 2.110(A), and thus not subject to sanctions. We must therefore reverse that portion of the judgment assessing sanctions against defendant.

Affirmed in part, reversed in part, and remanded for recalculation of interest. We do not retain jurisdiction.

pertaining to the "form, captioning, signing and verifying" of pleadings.

[2] Although a member of the panel in *Richmond Twp, supra,* upon a more thorough examination of the issue as presented in this case, I believe the *Richmond* case wrongly decided this issue.