PEOPLE v HERRERA

Docket No. 125395. Submitted March 9, 1993, at Lansing. Decided
    April 20, 1993, at 9:10 A.M. Leave to appeal sought.

    Victoriano Herrera was convicted by a jury in the Saginaw
    Circuit Court of possession with intent to deliver between 50
    and 225 grams of cocaine and of possession with intent to
    deliver between 225 and 650 grams of heroin. The Court of
    Appeals, BEASLEY, P.J., and GILLIS and W.G. SCHMA, JJ., af-
    firmed in an unpublished opinion per curiam, decided Decem-
    ber 7, 1988 (Docket No. 100861). The Supreme Court denied
    leave to appeal. 432 Mich 919 (1989). The defendant filed
    motions in the trial court for an evidentiary hearing regarding
    a claim of ineffective assistance of counsel and for a new trial
    or resentencing. The trial court, Leopold P. Borrello, J., denied
    those motions and subsequent motions for reconsideration and
    for relief from judgment. Finding the last motion to be frivo-
    lous, the trial court also fined the defendant $150 pursuant to
    MCR 2.114(E). The Court of Appeals granted the defendant
    leave to appeal and directed the parties to brief the Court with
    respect to whether sanctions under MCR 2.114(E) properly may
    be imposed in this case.

        The Court of Appeals held:

    Administrative Orders No. 1990-6, 436 Mich lxxxiv, and No.
    1992-8, 441 Mich lii, bind the Court of Appeals to follow the
    decision in Richmond Twp v Erbes, 195 Mich App 210 (1992),
    that motions are not pleadings within the meaning of MCR
    2.114(E) and that sanctions may not be imposed for the filing of
    frivolous motions.

        Reversed.

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *Michael D. Thomas,* Pros-
ecuting Attorney, and *Laura A. Vargas,* Assistant
Prosecuting Attorney, for the people.

*James Edward Jacobs,* for the defendant on
appeal.

Amicus Curiae:

*Sandra Girard,* for Prison Legal Services of Michigan, Inc.

Before: BRENNAN, P.J., and HOOD and TAYLOR, JJ.

PER CURIAM. Defendant appeals by leave granted from the trial court's order imposing sanctions upon him. We reverse.

Defendant had been convicted by a jury of possession with intent to deliver between 50 and 225 grams of cocaine, MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii), and between 225 and 650 grams of heroin, MCL 333.7401(2)(a)(ii), MSA 14.15 (7401)(2)(a)(ii). He was sentenced to concurrent prison terms of ten to twenty and twenty to thirty years, respectively. The convictions were affirmed by this Court in an unpublished opinion per curiam, decided December 7, 1988 (Docket No. 100861). The Supreme Court denied leave to appeal. 432 Mich 919 (1989).

Defendant then filed a motion requesting an evidentiary hearing regarding ineffective assistance of counsel and also requesting a new trial or resentencing. That motion was denied. Defendant filed a motion for reconsideration, which was also denied. He then filed a motion for relief from judgment, which was denied. The trial court then found that defendant's last motion was frivolous under MCR 2.114(E) and fined him $150 payable to the court.

In granting leave to appeal, this Court ordered the parties to brief the following issues:

I. Whether sanctions are ever appropriate in a post-conviction criminal case where a prisoner

asserts a liberty interest in pro per and, if so, whether the threshold for imposing such sanctions is higher than in other cases.

II. Whether MCR 2.114(E) allows the imposition of fines payable to the court and, if so, what process is due.

III. Whether doctrines of preclusion such as the law of the case can form the basis for imposing sanctions in a criminal case such as this one.

Discussion of these issues has been made unnecessary, however, by a relatively recent decision of this Court that holds that motions are not "pleadings" within the meaning of MCR 2.114(E) and that, therefore, sanctions may not be imposed for filing frivolous motions. See *Richmond Twp v Erbes,* 195 Mich App 210, 225; 489 NW2d 504 (1992) (relying on MCR 2.110[A]); see also *Warden v Fenton Lanes, Inc,* 197 Mich App 618; 495 NW2d 849 (1992). We agree with the *Warden* panel that the *Richmond* case was erroneously decided because, under MCR 2.113(A), a motion is a "pleading" for purposes of rules such as MCR 2.114, which cover signature and verification requirements. However, pursuant to Administrative Order No. 1990-6, 436 Mich lxxxiv and Administrative Order No. 1992-8, 441 Mich lii, we are constrained to follow *Richmond* until it is reversed. We do not otherwise express an opinion regarding the merits of defendant's appeal.

Reversed.