BECHTOLD v MORRIS

Docket No. 94029. Decided August 3, 1993. On application by the respondent for leave to appeal, the Supreme Court, in lieu of granting leave, affirmed the judgments of the Court of Appeals and the circuit court. Rehearing denied *post,* 1208.

Elizabeth A. Bechtold brought an action in the Wayne Circuit Court against Eddie M. Morris, her former spouse, and others. The complaint and amended complaint were signed by the plaintiff alone. Later she was represented by C. William Garratt, who signed and filed papers on her behalf. The court, Charles Kaufman, J., dismissed the case and imposed sanctions under MCR 2.114, finding that the papers filed by the plaintiff and her lawyer contained false and scandalous allegations stated for the improper purpose of harassment and vexation, that the papers were not well founded in fact, and not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and ordered both the plaintiff and her lawyer to pay sanctions. Later, the court directed that the sanctions be paid by the lawyer alone. The Court of Appeals, MURPHY, P.J., and CAVANAGH and CONNOR, JJ., affirmed in an unpublished opinion per curiam (Docket No. 129292). The Supreme Court denied leave to appeal, 441 Mich 887 (1992). Garratt seeks reconsideration of that denial.

In an opinion per curiam, signed by Chief Justice CAVANAGH, and Justices BRICKLEY, BOYLE, RILEY, GRIFFIN, and MALLETT, the Supreme Court *held:*

Sanctions may be imposed under MCR 2.114 against a lawyer who files an improperly signed paper, even if it is not a pleading. The rules pertaining to the form, captioning, signing, and verifying of pleadings apply to all motions, affidavits, and other papers provided for by the court rules.

Affirmed.

Justice LEVIN would deny reconsideration.

*C. William Garratt,* in propria persona.

*Morris & Doherty* (by *E. Michael Morris,* in propria persona).

PER CURIAM. Under MCR 2.114, the circuit court imposed sanctions on a lawyer representing the plaintiff. Despite the attorney's argument that sanctions can be ordered only against a person who files a "pleading" as defined in MCR 2.110(A), the Court of Appeals affirmed. We likewise affirm, because the rules on the signing of pleadings apply to all motions, affidavits, and other papers provided for by the court rules. MCR 2.113(A).

I

In April 1989, the plaintiff sued her former spouse. Later, she filed an amended complaint in which she named her former spouse's father and sister as codefendants.

The complaint and first amended complaint were signed by the plaintiff alone. No lawyer's signature appeared on these papers. Later, however, she was represented by attorney C. William Garratt,[1] who signed and filed papers on her behalf.

The plaintiff's pleadings contained numerous allegations of misconduct on the part of the three codefendants. To a great extent, however, the plaintiff's claims concerned matters that had been resolved in the divorce action between the plaintiff and her former spouse. The defendants therefore moved for summary disposition, and for the imposition of sanctions under MCR 2.114.

The circuit court dismissed this suit, and imposed sanctions under MCR 2.114. The court ex-

---

[1] Mr. Garratt was the plaintiff's employer. Her ex-spouse is a lawyer who was formerly in practice with Mr. Garratt. Before the plaintiff filed this suit, Mr. Garratt had filed in Oakland Circuit Court a complaint against the plaintiff's ex-spouse; the complaint contained many of the allegations found in the present suit. That suit was later dismissed.

plained that the papers filed by the plaintiff and her lawyer "contain[ed] false and scandalous allegations, stated for the improper purpose of harassment and vexation . . . ." The court also found that the papers "were not well founded in fact and/or warranted by existing law or a good faith argument for the extension, modification or reversal of existing law."

The circuit court ordered the plaintiff and her lawyer to pay sanctions to the defendants in the total amount of $11,500. Later, the court modified its order to direct that the sanctions be paid by the lawyer, and not personally by the plaintiff.[2]

Mr. Garratt appealed to the Court of Appeals, which affirmed the imposition of sanctions.[3] This Court later denied leave to appeal. 441 Mich 887 (1992).

The plaintiff's lawyer, Mr. Garratt, has moved for reconsideration of the order in which we denied leave to appeal.

II

The principal question raised in the motion for reconsideration is whether sanctions under MCR 2.114 can be imposed against a lawyer who has not signed a "pleading" as defined in MCR 2.110(A).[4]

[2] The circuit court also appointed a receiver for Mr. Garratt in order to facilitate payment of the sanctions. The Court of Appeals later set aside the appointment of the receiver because "the facts of the instant case do not present an extreme case which requires the appointment of a receiver" and because Mr. Garratt had posted a $15,000 cash bond. Unpublished opinion per curiam of the Court of Appeals, decided February 7, 1992 (Docket No. 129292).

[3] Unpublished opinion per curiam of the Court of Appeals, decided February 7, 1992 (Docket No. 127013).

[4] That definitional provision states that a "pleading" means only a complaint, a cross-claim, a counterclaim, a third-party complaint, an answer to one of those four types of pleading, and a reply to an answer.

This question arises because MCR 2.114(D)[5] and (E)[6] refer to pleadings, and not to other papers filed in a case. Since the plaintiff's complaint and amended complaint were filed *in propria persona,* the lawyer did not file a pleading in this case. Mr. Garratt thus argues that he is not subject to sanctions under MCR 2.114(D) and (E).

The lawyer urges adoption of the analysis found in *Richmond Twp v Erbes,* 195 Mich App 210, 224-225; 489 NW2d 504 (1992). There, the Court of Appeals agreed that sanctions under MCR 2.114(D) and (E) can be applied only to a person who has filed a "pleading," as defined in MCR 2.110(A).

In other opinions, however, the Court of Appeals has recognized that MCR 2.113(A) provides that "[t]he rules on the form, captioning, signing, and verifying of pleadings apply to all motions, affidavits, and other papers provided for by these rules." For that reason, sanctions can be imposed against a lawyer who files an improperly signed paper, even if it is not a pleading. *Morris v Detroit,* 189

---

[5] Effect of Signature. The signature of an attorney or party, whether or not the party is represented by an attorney, constitutes a certification by the signer that

(1) he or she has read the pleading;

(2) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the pleading is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and

(3) the pleading is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

[6] Sanctions for Violation. If a pleading is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees. The court may not assess punitive damages.

Mich App 271, 280; 472 NW2d 43 (1991). See also *Warden v Fenton Lanes, Inc,* 197 Mich App 618, 625-627; 495 NW2d 849 (1992);[7] *People v Herrera,* 199 Mich App 425, 427; 502 NW2d 347 (1993).[8]

The Court of Appeals correctly decided the present case. After quoting MCR 2.114(D) and (E), the Court properly applied MCR 2.113(A), as explained in *Morris.* 189 Mich App 280. We therefore grant the motion for reconsideration, and affirm the judgments of the Court of Appeals and the circuit court.[9] MCR 7.302(F)(1).

CAVANAGH, C.J., and BRICKLEY, BOYLE, RILEY, GRIFFIN, and MALLETT, JJ., concurred.

LEVIN, J. I would deny reconsideration.

[7] *Warden* was authored by Judge McDONALD, who concurred in *Richmond Twp.* He stated in *Warden* that "upon a more thorough examination of the issue as presented in this case, I believe the *Richmond* case wrongly decided this issue." 197 Mich App 627, n 2.

[8] Though recognizing the correct disposition, the *Warden* and *Herrera* panels were obliged to follow *Richmond Twp.* See Administrative Order No. 1990-6, 436 Mich lxxxiv; Administrative Order No. 1991-11, 439 Mich cxliv; Administrative Order No. 1992-8, 441 Mich cxi.

[9] We have considered the other arguments offered by Mr. Garratt in his motion for reconsideration, and we find that they do not merit discussion. The motion for consolidation with *Warden,* now pending in this Court on an application for leave to appeal that does not concern sanctions under MCR 2.114, is denied.