PEOPLE v HERRERA (ON REMAND)

Docket No. 169463. Submitted November 1, 1993, at Lansing. Decided March 22, 1994, at 9:25 A.M.

Victoriano Herrera was convicted by a jury in the Saginaw Circuit Court of possession with intent to deliver between 50 and 225 grams of cocaine and of possession with intent to deliver between 225 and 650 grams of heroin. The Court of Appeals, BEASLEY, P.J., and GILLIS and W. G. SCHMA, JJ., affirmed in an unpublished opinion per curiam, decided December 7, 1988 (Docket No. 100861). The Supreme Court denied leave to appeal. 432 Mich 919 (1989). The defendant filed motions pro se in the trial court for an evidentiary hearing regarding a claim of ineffective assistance of counsel and for a new trial or resentencing. The court, Leopold P. Borrello, J., denied those motions and subsequent motions for reconsideration and for relief from judgment. Finding the last motion to be frivolous, the court also fined the defendant $150 pursuant to MCR 2.114(E). The Court of Appeals granted the defendant leave to appeal and directed the parties to submit briefs addressing whether sanctions under MCR 2.114(E) properly could be imposed in this case. The Court of Appeals, BRENNAN, P.J., and HOOD and TAYLOR, JJ., reversed, finding that, pursuant to Administrative Orders No. 1990-6 and No. 1992-8, the Court was obligated to follow the decision in *Richmond Twp v Erbes,* 195 Mich App 210 (1992), that motions are not pleadings within the meaning of MCR 2.114(E) and that sanctions may not be imposed for the filing of frivolous motions. 199 Mich App 425 (1993). The Supreme Court, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded the case to the Court of Appeals for reconsideration in light of *Bechtold v Morris,* 443 Mich 105 (1993), where the Court effectively overruled *Richmond Twp,* holding that sanctions can

REFERENCES

Am Jur 2d, Criminal Law §§ 825, 826, 993, 995; New Trial §§ 12, 42, 84, 86; Pleading § 339.

Accused's right to represent himself in state criminal proceeding—modern state cases. 98 ALR3d 13.

be imposed against a lawyer who files an improperly signed paper, even if it is not a pleading. 444 Mich 864 (1993).

On remand, the Court of Appeals *held:*

1. The trial court's order must be vacated insofar as it requires the defendant to pay a fine. Fines are not permissible under MCR 2.114(E).

2. It is clear from the language of MCR 2.114(B),(D), and (E) that sanctions may be imposed upon unrepresented parties who sign their own pleadings as well as on attorneys and even represented parties. However, because the defendant was a prisoner proceeding in propria persona, he had a constitutional right of access to the courts and a constitutionally protected liberty interest that demand further scrutiny before sanctions may be imposed. Sanctions may not be imposed upon pro se prisoner litigants without first affording them rudimentary due process, including notice, an opportunity to be heard, and a determination of ability to pay. The defendant received no notice, no hearing, and no determination of ability to pay.

3. A prisoner's pro se pleadings are held to a less stringent standard in determining whether there has been a violation warranting sanctions. Sanctions are appropriate only when the pleading is unreasonable under all the circumstances existing at the time of the filing, including the prisoner's pro se status.

4. The doctrine applicable in this case is the doctrine of the law of the case. In criminal cases, this doctrine does not automatically doom the defendant's arguments or automatically render them frivolous and worthy of sanctions.

Vacated and remanded.

1. PLEADING — SANCTIONS — UNREPRESENTED PARTIES — FINES.

Sanctions may be imposed upon unrepresented parties who sign their own pleadings in violation of MCR 2.114 as well as on attorneys and represented parties; however, a court may not assess punitive damages or impose a fine in such a situation (MCR 2.114[B],[D],[E]).

2. PLEADING — SANCTIONS — PRO SE PRISONER LITIGANTS.

A defendant who is proceeding pro se has a constitutional right of access to the courts and a constitutionally protected liberty interest that demand further scrutiny before sanctions for a frivolous pleading may be imposed; sanctions may not be imposed upon pro se prisoner litigants without first affording them rudimentary due process, including notice, an opportunity to be heard, and a determination of ability to pay; a prisoner's pro se pleadings are held to a less stringent standard in determining whether there has been a violation warranting

sanctions; sanctions are appropriate only when the pleading is unreasonable under all the circumstances existing at the time of the filing, including the prisoner's pro se status (MCR 2.114).

3. APPEAL — LAW OF THE CASE — CRIMINAL LAW.

The law of the case doctrine normally applies without regard to the correctness of the prior determination; however, in a criminal case, a trial court retains the power to grant a new trial at any time where justice has not been done; therefore, the doctrine need not be applied where an injustice would result and the doctrine does not automatically doom the defendant's arguments or automatically render them frivolous and worthy of sanctions (MCL 770.1; MSA 28.1098).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Michael D. Thomas,* Prosecuting Attorney, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*James Edward Jacobs,* for the defendant on appeal.

Amicus Curiae:

*Sandra Girard,* for Prison Legal Services of Michigan, Inc.

ON REMAND

Before: BRENNAN, P.J., and HOOD and TAYLOR, JJ.

PER CURIAM. This case comes to us on remand from the Supreme Court.

Defendant appealed by leave granted from the trial court's order imposing sanctions upon him. In a prior opinion, we reluctantly followed *Richmond Twp v Erbes,* 195 Mich App 210, 225; 489 NW2d 504 (1992), which held that sanctions could not be imposed under MCR 2.114(E) for filing frivolous

motions, and reversed. 199 Mich App 425, 427; 502 NW2d 347 (1993). However, in *Bechtold v Morris,* 443 Mich 105, 108-109; 503 NW2d 654 (1993), our Supreme Court effectively overruled *Richmond Twp,* holding that "sanctions can be imposed against a lawyer who files an improperly signed paper, even if it is not a pleading." The Supreme Court, in lieu of granting leave to appeal, vacated our judgment and remanded the case to this Court for reconsideration. 444 Mich 864 (1993).

After reconsidering the merits of defendant's appeal, we vacate the trial court's decision and remand.

In the underlying proceeding, defendant was convicted of possession with intent to deliver between 50 and 225 grams of cocaine, MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii), and between 225 and 650 grams of heroin, MCL 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii). He was sentenced to concurrent terms of ten to twenty and twenty to thirty years, respectively. The convictions were affirmed by this Court in an unpublished opinion per curiam, decided December 7, 1988 (Docket No. 100861). Leave to appeal was denied. 433 Mich 919 (1989).

Defendant then filed a delayed motion requesting an evidentiary hearing regarding whether he had received effective assistance of counsel and also requesting a new trial or resentencing. That motion was denied. Defendant filed a motion for reconsideration that was also denied. He then filed a motion for relief from judgment that was, again, denied. The trial court then found that defendant's last motion was frivolous under MCR 2.114(E) and fined him $150 payable to the court.

In granting leave to appeal, this Court ordered the parties to brief the following issues:

I. Whether fines, as opposed to costs, may be imposed under MCR 2.114(E);

II. If so, whether some form of due process is required before sanctions may be imposed;

III. Whether doctrines of preclusion such as res judicata, collateral estoppel, and the law of the case are relevant to the imposition of sanctions; and

IV. Whether, given the constitutional issues involved, sanctions are ever appropriate in criminal cases involving pro se defendants and, if so, whether a higher standard should apply to such cases.

We now turn to the merits of these issues, albeit not exactly in that order.

MCR 2.114(D) imposes various requirements of good faith and reasonable inquiry upon the signatories of legal pleadings. MCR 2.114(E) provides that, "[i]f a pleading is signed in violation of this rule, the court . . . shall impose . . . an appropriate sanction . . . which may include an order to pay . . . reasonable expenses incurred . . . including reasonable attorney fees." Because the rule could be interpreted to allow the imposition of fines, it was amended on April 1, 1991, to resolve a split between panels of this Court and clarify that "[t]he court may not assess punitive damages." See MCR 2.114(E) and (F); see also 437 Mich clxxvii (1991) (staff comment); *Michigan Bell Telephone Co v Sfat,* 177 Mich App 506, 514; 442 NW2d 720 (1989). We therefore vacate the trial court's order insofar as it requires defendant to pay a fine. However, because some sanction may nevertheless be permissible in this case, we address the remaining issues and remand to the trial court for reconsideration.

Normally, "the rules of civil procedure apply to [criminal cases] except (1) as otherwise provided by

rule or statute, (2) when it clearly appears that they apply to civil actions only, or (3) when a statute or court rule provides a like or different procedure." MCR 6.001(D). Defendant argues that MCL 600.2591(1); MSA 27A.2591(1), which is incorporated into the court rules by MCR 2.114(F) and MCR 2.625(A)(2), controls here because it explicitly provides that sanctions may be imposed only in civil cases. We disagree.

First, the subsections noted by defendant apply where a frivolous *claim* is submitted. Here, the issue is a frivolous *pleading*. Second, MCR 2.114(F) explicitly states that sanctions under MCR 2.625(A)(2) and, by reference, under MCL 600.2591(1); MSA 27A.2591(1), apply "*[i]n addition to* sanctions under" other provisions of MCR 2.114. (Emphasis added.) Thus, although MCL 600.2591(1); MSA 27A.2591(1) admittedly applies only to civil cases, the question remains whether sanctions may be imposed in criminal cases under MCR 2.114(E).

It is clear from the language of MCR 2.114(B), (D), and (E) that sanctions may be imposed upon unrepresented parties who sign their own pleadings as well as on attorneys and even represented parties. However, because defendant is a prisoner who proceeded in propria persona, he had a constitutional right of access to the courts and a constitutionally protected liberty interest that demand further scrutiny before sanctions may be imposed. See *Bounds v Smith*, 430 US 817, 821-823; 97 S Ct 1491; 52 L Ed 2d 72 (1977); see also *In re Doyle*, 839 F2d 865, 867 (CA 1, 1988) (acknowledging that the defendant's appeal was meritless but denying the government's request for sanctions in view of the liberty interest at stake). In this regard, we find federal habeas corpus cases instructive be-

cause, although technically civil proceedings, they involve the same constitutional issues.

Sanctions such as filing limits, refusals to waive fees, dismissals, and awards of costs may interfere with the right of access to the courts and with the ability to assert constitutionally protected liberty interests. Therefore, they may not be imposed upon pro se prisoner litigants without first affording them rudimentary due process. See *Morrissey v Brewer,* 408 US 471, 481; 92 S Ct 2593; 33 L Ed 2d 484 (1972); *Mathews v Eldridge,* 424 US 319, 334-335; 96 S Ct 893; 47 L Ed 2d 18 (1976). At a minimum, such due process must include notice, an opportunity to be heard, and a determination of ability to pay. See *Miranda v Southern Pacific Transportation Co,* 710 F2d 516, 522 (CA 9, 1983); *Cotner v Hopkins,* 795 F2d 900, 902-903 (CA 10, 1986). In this case, therefore, the fact that defendant admittedly received no notice, no hearing, and no determination of ability to pay would have been an independent basis for reversal.

We agree with federal decisions construing FR Civ P 11, that, because of the constitutional issues involved, a prisoner's pro se pleadings are held to a less stringent standard in determining whether there has been a violation warranting sanctions. See *Thomas v Evans,* 880 F2d 1235, 1240 (CA 11, 1989); see also *Haines v Kerner,* 404 US 519, 520; 92 S Ct 594; 30 L Ed 2d 652 (1972) (reversing dismissal of prisoner's pro se civil action challenging certain internal discipline). Sanctions are appropriate only when the pleading is unreasonable under all the circumstances existing at the time of the filing, including the prisoner's pro se status. *Thomas, supra* at 1240. Sanctions are not appropriate merely because the prisoner's view of the law may happen to be incorrect. *Id.*

In determining the reasonableness of defen-

dant's pleadings, the doctrines of res judicata and collateral estoppel—which would bar relitigation in a separate proceeding of all issues that were or could have been decided in the context of the main action, that is, in the context of defendant's appeal from his criminal conviction—are inapplicable because this case does not involve a separate action but rather a motion for relief from judgment.[1] Cf. *id.* (pro se prisoner may be sanctioned for filing collateral civil claims barred by res judicata). Instead, the doctrine applicable here is the law of the case. *People v Usher,* 121 Mich App 345, 353-354; 328 NW2d 628 (1982). That doctrine provides that an appellate court's decision regarding a particular issue is binding on courts of equal or subordinate jurisdiction during subsequent proceedings in the same case. *Johnson v White,* 430 Mich 47, 52-53; 420 NW2d 87 (1988); *Poirier v Grand Blanc Twp (After Remand),* 192 Mich App 539, 546; 481 NW2d 762 (1992).

Normally, the law of the case doctrine "applies without regard to the correctness of the prior determination." *Muilenberg v Upjohn Co,* 169 Mich App 636, 641; 426 NW2d 767 (1988). However, in criminal cases, a trial court retains the power to grant a new trial at any time where "justice has not been done." MCL 770.1; MSA 28.1098; see also *People v Johnson,* 397 Mich 686, 687; 246 NW2d 836 (1976), overruled on other grounds by *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979) (standard for directed verdict); *People v Wells,* 103 Mich App 455, 463; 303 NW2d 226 (1981) (law of the case doctrine is not inflexible and need not be applied to create injus-

---

[1] We stress that we do not decide whether the doctrines of res judicata and collateral estoppel apply in criminal proceedings. Likewise, we do not address the application of the doctrine of preclusion in the context of habeas corpus proceedings.

tice). Therefore, unlike in standard civil proceedings, in criminal cases the law of the case doctrine does not automatically doom the defendant's arguments or automatically render them frivolous and worthy of sanctions.

To summarize, we vacate the trial court's order because fines are not permissible under MCR 2.114(E). We note that, because defendant was not afforded rudimentary due process before being sanctioned, we could have independently reversed on that basis. The trial court is free to determine on remand that, in light of all the circumstances existing at the time of the filing and after consideration of the issues raised by this opinion, sanctions are still appropriate. However, any sanctions must be chosen with care to minimize interference with defendant's constitutional rights.

The trial court's decision is vacated and the case remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.