# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

IVAN C. GOLLMAN,

      Defendant-Appellant.

UNPUBLISHED
January 12, 2016

No. 323187
Wayne Circuit Court
LC No. 02-011287-FC

Before: RONAYNE KRAUSE, P.J., and GADOLA and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of assault with intent to commit murder, MCL 750.83, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. After several resentencings, the trial court sentenced defendant to 15 to 25 years' imprisonment for the assault conviction and two years' imprisonment for the felony-firearm conviction. We affirm defendant's convictions, but remand the case to the trial court for a determination of whether resentencing is required pursuant to *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), and *United States v Crosby*, 397 F3d 103, 117-118 (CA 2, 2005).

## I. OFFENSE VARIABLES 3 AND 10

Defendant first argues that the trial court improperly assessed points under offense variables (OVs) 3 and 10. We disagree. Under the sentencing guidelines, a circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). Whether the facts are adequate to satisfy the scoring conditions prescribed by statute is a question of statutory interpretation, which we review de novo. *Id*.

Defendant argues that the trial court erred by assessing 25 points under OV 3 for physical injury to a victim. A court may assess 25 points under OV 3 if "[l]ife threatening or permanent incapacitating injury occurred to a victim." MCL 777.33(1)(c). At defendant's original sentencing, the court stated that it assessed 25 points under OV 3 because a "bullet permanently in the body that cannot be removed is a permanent injury, potentially incapacitating, and being shot in the mouth obviously is life threatening." At defendant's second resentencing, the court reiterated its decision to assess 25 points under OV 3 because a bullet remained in the victim's body, "[w]hich potentially could result in his death." Defendant appealed his sentence, and this Court affirmed the trial court's assessment of 25 points under OV 3, stating the following:

-1-

[D]efendant stuck a gun in the victim's mouth and shot him. The bullet remains lodged in the victim's body, close to his spine, because removal could have resulted in paralysis. While the prosecution did not present medical evidence regarding the victim's injuries, such evidence is not necessary to prove a life threatening or permanently incapacitating injury. . . . On the facts in this case, it is clear that the victim suffered life threatening injuries; thus, the court's scoring of OV 3 is affirmed. [*People v Gollman*, unpublished opinion of the Court of Appeals, issued May 27, 2014 (Docket No. 312016).]

Under the law of the case doctrine, we are bound by this Court's earlier decision. See *People v Herrera (On Remand)*, 204 Mich App 333, 340; 514 NW2d 543 (1994) ("[The law of the case] doctrine provides that an appellate court's decision regarding a particular issue is binding on courts of equal or subordinate jurisdiction during subsequent proceedings in the same case."). Accordingly, the trial court did not clearly err by assessing 25 points for OV 3.

Defendant also argues that the trial court improperly assessed 15 points under OV 10 because he did not exploit any particular vulnerability of the victim or exhibit predatory behavior. In defendant's earlier appeal, this Court affirmed the trial court's assessment of 15 points under OV 10, stating the following:

In this case, the PSIR indicates that defendant had threatened the victim "just weeks prior to the incident. [Defendant] indicated that he was going to do something to him if his friend (Deon) did not give him the money Deon stole from the defendant, while he sold drugs for him." Further, the victim testified at trial that he saw defendant earlier in the evening, before defendant shot him, when defendant walked past him and said: "You're a nasty mother fucker." Then, later in the evening, as the victim was walking down the street, he turned around and, as soon as he turned around, a gun was stuck in his mouth and immediately fired. In light of this evidence, we affirm the scoring of OV 10 at 15 points. [*Gollman*, unpub op at 2.]

Again, we are bound by this previous decision. *Herrera*, 204 Mich App at 340. Therefore, the trial court did not clearly err by assessing 15 points under OV 10.

## II. PRESENTENCE INVESTIGATION REPORT

Defendant next argues that he is entitled to a remand for correction of his presentence investigation report (PSIR) because it included inaccurate details regarding threats he allegedly made to the victim in the weeks before the shooting. On appeal, a defendant may not challenge the accuracy of information relied upon in determining a sentence that was within the appropriate guidelines range unless he raised the issue at sentencing, in a motion for resentencing, or in a motion to remand filed in this Court. *People v Lloyd*, 284 Mich App 703, 706; 774 NW2d 347 (2009). Because defendant failed to raise any appropriate challenge, this issue is unpreserved. Moreover, this issue is waived because defense counsel expressly agreed to the accuracy of defendant's PSIR on two occasions. See *People v Carter*, 462 Mich 206, 213-214; 612 NW2d 144 (2000). Therefore, we decline to address defendant's arguments on this issue.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant contends that he was denied the effective assistance of counsel. Specifically, he claims that defense counsel's performance fell below an objective standard of reasonableness when counsel failed to object (1) to the inaccurate information in the PSIR and (2) to the scoring of OVs 1, 3, and 10 on *Alleyne*[1] grounds. "Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). We review a trial court's findings of fact for clear error and constitutional questions de novo. *Id.* Because defendant did not move for a new trial or a *Ginther*[2] hearing, our review is limited to errors apparent on the record. *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004).

The United States and Michigan Constitutions guarantee a defendant the right to the effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. To establish an ineffective assistance claim, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different. *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Effective assistance is presumed, and the defendant bears a substantial burden of proving otherwise. *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012).

Defendant contends that defense counsel's performance was objectively unreasonable when he failed to object to the inaccurate information in the PSIR. The information in a PSIR is presumed to be accurate, and the defendant bears the burden of proving otherwise. *People v Grant*, 455 Mich 221, 233-234; 565 NW2d 389 (1997). It is unclear from the record whether the description of events in the PSIR regarding defendant's threats was actually inaccurate. The victim's testimony at trial seemed to indicate that although there was some disagreement between the victim and defendant, defendant never made actual threats before the night of the shooting. However, aside from pointing out the inconsistencies in the victim's testimony at trial and the description of events in the PSIR, defendant offers no proof that the allegations of preoffense threats are false. As a result, defendant has not shown that defense counsel knew the PSIR contained inaccurate information that necessitated an objection. Because defendant did not provide any evidence to support that the information in his PSIR was inaccurate, counsel's failure to object cannot be deemed objectively unreasonable. See *People v Hoag*, 460 Mich 1, 6; 594 Mich NW2d 57 (1999) (stating that a defendant carries the burden to factually support an ineffective assistance of counsel claim).

Even assuming that counsel's failure to object was unreasonable, defendant cannot demonstrate prejudice. See *People v Pickens*, 446 Mich 298, 309; 521 NW2d 797 (1994). Defendant received a total of 95 OV points, placing him in OV Level V (80 to 99 points) on the

---

[1] *Alleyne v United States*, 570 US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013).

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

applicable sentencing grid with a guidelines range of 108 to 180 months. MCL 777.62. Only OV 10 was scored on the contested information in the PSIR. Had defense counsel successfully objected to that information, deducting 15 points for OV 10 would not change the applicable guidelines range. Therefore, defendant is not entitled to relief on his ineffective assistance claim.

Defendant contends that defense counsel's performance fell below an objective standard of reasonableness when counsel failed to object to the scoring of OVs 1, 3, and 10 on *Alleyne* grounds. Defendant was most recently resentenced on July 21, 2014. Not until almost a year later, on July 29, 2015, did our Supreme Court in *Lockridge* hold that *Alleyne* applies to Michigan's sentencing guidelines and renders them unconstitutional to the extent that they "*require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range, i.e., the 'mandatory minimum' sentence under *Alleyne*." *Lockridge*, 498 Mich at 364. Before *Lockridge*, *People v Herron*, 303 Mich App 392; 845 NW2d 533 (2013), rev'd in part 498 Mich 901 (2015), was controlling law. *Herron* held that *Alleyne* did not apply to Michigan's sentencing guidelines. *Herron*, 303 Mich App at 404. Accordingly, at the time of defendant's sentence, any objection to the court's judicial fact-finding at sentencing would have been unsuccessful. See *People v Hawkins*, 245 Mich App 439, 457; 628 NW2d 105 (2001) (stating that counsel is not ineffective for failing to raise a futile objection).

## IV. RESENTENCING

Finally, defendant argues that he is entitled to resentencing because the trial court relied on facts not admitted by defendant or found by the jury to score OVs 1, 3, and 10. Defendant did not object to the scoring of these OVs at sentencing on *Apprendi*[3]/*Alleyne* grounds, so our review is limited to plain error affecting substantial rights. *Lockridge*, 498 Mich at 392.

Again, in *Lockridge*, 498 Mich at 364, our Supreme Court held that Michigan's sentencing guidelines were unconstitutional under *Alleyne* to the extent that the guidelines required judicial fact-finding to score OVs that "*mandatorily* increase the floor of the guidelines minimum sentence range." To remedy this violation, the Court held that a guidelines range calculated in violation of *Alleyne* is advisory only. *Id*. at 365. The *Lockridge* Court held that in cases "in which (1) facts admitted by the defendant and (2) facts found by the jury were sufficient to assess the minimum number of OV points necessary for the defendant's score to fall in the cell of the sentencing grid under which he or she was sentenced[,] . . . because the defendant suffered no prejudice from any error, there is no plain error and no further inquiry is required." *Id.* at 394-395. The *Lockridge* Court further held that

> all defendants (1) who can demonstrate that their guidelines minimum sentence range was actually constrained by the violation of the Sixth Amendment and (2) whose sentences were not subject to an upward departure can establish a threshold showing of the potential for plain error sufficient to warrant a remand to the trial court for further inquiry. [*Lockridge*, 498 Mich at 395 (footnote omitted).]

---

[3] *Apprendi v New Jersey*, 530 US 466; 120 S Ct 2348; 147 L Ed 2d 435 (2000).

Below, the trial court assessed 25 points for OV 1, which is appropriate if "[a] firearm was discharged at or toward a human being." MCL 777.31(1)(a). Defendant was convicted of assault with intent to commit murder and felony-firearm. The elements of assault with intent to commit murder are "(1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder." *People v Brown*, 267 Mich App 141, 147; 703 NW2d 230 (2005) (quotation marks and citations omitted). The elements of felony-firearm are "that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999).

Defendant's felony-firearm conviction reflects that the jury found beyond a reasonable doubt that defendant possessed a firearm. At trial, the only testimony regarding assaultive conduct by defendant was that defendant shot the victim in the mouth. Because the jury found defendant guilty of assault, and the only assaultive act was defendant's shooting of the victim, the jury necessarily found beyond a reasonable doubt that defendant discharged his firearm "at or toward a human being." MCL 777.31(1)(a). Therefore, OV 1 was not calculated using judicial fact-finding in violation of the Sixth Amendment.

The trial court assessed 25 points under OV 3, which is appropriate if "[l]ife threatening or permanent incapacitating injury occurred to a victim." MCL 777.33(1)(c). Although facts in the case supported an assessment of 25 points because the victim was shot in the mouth and the bullet was lodged permanently near his spine, those facts were not necessarily found by the jury because life threatening or permanently incapacitating injury to a victim is not an element of assault with intent to commit murder. Although assault with intent to commit murder is a specific intent crime, "[n]o actual physical injury is required for the elements of the crime to be established." *People v Harrington*, 194 Mich App 424, 430; 487 NW2d 479 (1992). Therefore, the trial court relied on judicial fact-finding to assess 25 points under OV 3.

Lastly, the trial court assessed 15 points for OV 10. As discussed above, OV 10 is exploitation of vulnerable victim, and 15 points are properly assessed if "[p]redatory conduct was involved." MCL 777.40(1)(a). Predatory conduct is not an element of either assault with intent to commit murder or felony-firearm. As a result, the jury did not necessarily find that defendant committed predatory conduct, and the 15 points assessed for OV 10 were the result of judicial fact-finding.

In sum, the 25 points assessed for OV 1 were found by the jury, but the 25 points under OV 3 and the 15 points under OV 10 were assessed using judicial fact-finding. Defendant received a total of 95 OV points, placing him in OV Level V (80 to 99 points) on the applicable sentencing grid with a guidelines range of 108 to 180 months. MCL 777.62. Deducting the 25 points assessed under OV 3 and the 15 points assessed under OV 10 would "change the applicable guidelines minimum sentence range," *Lockridge*, 498 Mich at 399, and put defendant in OV Level III (40 to 59 points) with a guidelines range of 51 to 85 months, MCL 777.62. Therefore, defendant is entitled to a *Crosby* remand. *Lockridge*, 498 Mich at 397. "[O]n a *Crosby* remand, a trial court should first allow a defendant an opportunity to inform the court that he or she will not seek resentencing." *Id.* at 398.

Affirmed in part and remanded.  We do not retain jurisdiction.


/s/ Amy Ronayne Krause
/s/ Michael F. Gadola
/s/ Colleen A. O'Brien