*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

ANTHONY JEROME BEATY,

       Defendant-Appellant.

UNPUBLISHED
January 15, 2019

No. 331942
Otsego Circuit Court
LC No. 11-094342-FC

Before: MARKEY, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

In 2011, defendant, Anthony Jerome Beaty, pleaded guilty to delivery of a controlled substance causing death, MCL 750.317a, and maintaining a drug house, MCL 333.7405(1)(d). The original sentencing judge departed upward from the applicable sentencing guidelines and sentenced defendant to a prison term of 20 to 50 years for the conviction of delivery of a controlled substance causing death. This Court, following our Supreme Court's entry of an order remanding for consideration as on leave granted,[1] remanded this case to the trial court for resentencing on that conviction.[2] On remand, the successor trial court judge again departed from the applicable sentencing guidelines and imposed a prison term of 210 months to 50 years. This Court denied defendant's delayed application for leave to appeal.[3] The Michigan Supreme Court remanded the case to this Court "for consideration, as on leave granted, of whether the defendant's sentence is reasonable" under the standard set forth in *People v Steanhouse*, 500 Mich 453; 902 NW2d 327 (2017) (*Steanhouse II*), and denied leave to appeal in all other

---

[1] *People v Beaty*, 495 Mich 976; 843 NW2d 900 (2014).

[2] *People v Beaty*, unpublished per curiam opinion of the Court of Appeals, issued May 5, 2015 (Docket No. 314935), pp 2-4. In addition, this Court held that defendant was entitled to withdraw his plea to the charge of maintaining a drug house. *Id*. at 11.

[3] *People v Beaty*, unpublished order of the Court of Appeals, entered April 15, 2016 (Docket No. 331942).

respects.[4]   We vacate defendant's sentence and once again remand to the trial court for resentencing.

## I. BACKGROUND

At his plea hearing, defendant admitted that on or about January 1, 2011, he sold heroin to Konrad Pressley, who gave it to Aubrey Checks.  Checks later overdosed and died.  In exchange for defendant's guilty plea to delivery of a controlled substance causing death and maintaining a drug house, the prosecutor dismissed charges of possession with intent to deliver less than 50 grams of heroin, MCL 333.7401(2)(a)(iv), delivery of less than 50 grams of heroin, MCL 333.7401(2)(a)(iv), conducting a criminal enterprise, MCL 750.159i(1), and possession of marijuana, MCL 333.7403(2)(d).  The prosecutor also dismissed a habitual offender, second offense notice.  The trial court departed upward from the minimum sentencing guidelines range of 81 to 135 months, sentencing defendant to 20 to 50 years' imprisonment for the conviction of delivery of a controlled substance causing death.  On appeal as on leave granted, this Court held that defendant was entitled to resentencing on his conviction of delivery of a controlled substance causing death because five of the six reasons given by the trial court for the upward departure were improper; this Court concluded that the large amount of heroin dealt by defendant was the only proper reason for the upward departure because it was objective, verifiable, and had not been taken into account under the guidelines.[5]   *People v Beaty*, unpublished per curiam opinion of the Court of Appeals, issued May 5, 2015 (Docket No. 314935), pp 3-4.

At resentencing, the successor trial judge recalculated defendant's minimum sentencing guidelines range to be 51 to 85 months' imprisonment.  The trial court then departed from the applicable guidelines range, imposing a prison term of 210 months to 50 years.  The trial court found that a sentence outside the guidelines would be "more proportionate than a sentence within the guidelines," and identified, as reasons supporting the departure, the large quantity of heroin that defendant was selling in the community and the fact that defendant continued to sell heroin after learning of Checks's death.

## II. ANALYSIS

Defendant argues on appeal that the trial court abused its discretion by imposing an unreasonable sentence when it departed more than 10 years upward from defendant's minimum sentencing guidelines range, in violation of the principle of proportionality.  Because the trial court failed to articulate its reasons for the extent of the departure sentence imposed, we vacate defendant's sentence and remand for resentencing.

---

[4] *People v Beaty*, 501 Mich 921-922; 903 NW2d 555 (2017).

[5] Defendant's sentencing took place before our Michigan Supreme Court issued its opinion in *People v Lockridge*, 498 Mich 358, 364-365; 870 NW2d 502 (2015), which eliminated the requirement that the trial court articulate a substantial and compelling reason to depart from the sentencing guidelines.

"A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *Steanhouse II*, 500 Mich at 471. When reviewing a departure sentence for reasonableness, this Court uses the principle of proportionality set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). *Steanhouse II*, 500 Mich at 471. "[T]he principle of proportionality . . . requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Milbourn*, 435 Mich at 636. "[T]he key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range." *Id*. at 661.

> Because the guidelines embody the principle of proportionality and trial courts must consult them when sentencing, it follows that they continue to serve as a 'useful tool' or 'guideposts' for effectively combating disparity in sentencing. Therefore, relevant factors for determining whether a departure sentence is more proportionate than a sentence within the guidelines range continue to include (1) whether the guidelines accurately reflect the seriousness of the crime, (2) factors not considered by the guidelines, and (3) factors considered by the guidelines but given inadequate weight. [*People v Dixon-Bey*, 321 Mich App 490, 524-525; 909 NW2d 458 (2017) (cleaned up)].

When imposing a sentence, a trial court must provide " 'an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been.' " *Id*. at 525, quoting *People v Smith*, 482 Mich 292, 311; 754 NW2d 284 (2008).

In this case, the trial court articulated two factors in justifying its departure from the sentencing guidelines' recommended range: (1) the large amount of heroin that defendant was dealing, and (2) the fact that defendant sold heroin after he learned of the victim's death. The first of these factors, the large amount of heroin that defendant was dealing, was previously considered by this Court and determined to be a proper reason for departing from the sentencing guidelines range. *Beaty*, unpub op at 3. This decision is binding on this Court as the law of the case. See *People v Herrera*, 204 Mich App 333, 340; 514 NW2d 543 (1994).

The second of these factors, that defendant sold heroin after he learned of the victim's death, is also a proper consideration for departing from the sentencing guidelines range. This factor is unique to defendant, is supported by witness statements compiled in the Presentence Investigation Report, and is relevant to a proportionality determination because it attests to defendant's lack of remorse and propensity to reoffend. See *Dixon-Bey*, 321 Mich App at 529; see also *People v Steanhouse*, 313 Mich App 1, 46; 880 NW2d 297 (2015) (*Steanhouse I*) (noting that the defendant's expressions of remorse and potential for rehabilitation are factors that may be considered in determining the proportionality of a departure sentence), aff'd in part and rev'd in part on other grounds 500 Mich 453 (2017). Further, this fact was not accounted for in any of the guideline variable scores. Therefore, the trial court properly considered this fact and it supported the trial court's decision to depart from the sentencing guidelines.

Yet, when a trial court departs from the sentencing guidelines, we must evaluate not only whether reasons exist to support the departure, but also whether the extent of the departure satisfies the principle of proportionality. As the Michigan Supreme Court noted in *Milbourn*, 435 Mich at 660, "[e]ven where some departure appears to be appropriate, the extent of the departure (rather than the fact of the departure itself) may embody a violation of the principle of proportionality." Further, "[w]ith regard to the principle of proportionality . . . the imposition of the maximum possible sentence in the face of compelling mitigating circumstances would run against this principle and legislative scheme." *Id*. at 653.

Defendant's minimum sentence is an upward departure of more than 10 years from the high end of the guidelines' recommended range, is more than double the high end of that recommended range (85 months versus 210 months), and is the highest possible minimum sentence within the guidelines range, given defendant's prior record variable level. In imposing this sentence, the trial court failed to include an explanation why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been, which is necessary to facilitate appellate review. *Dixon-Bey*, 321 Mich App at 525 (cleaned up). "A sentence cannot be upheld when the connection between the reasons given for departure and the extent of the departure is unclear." *Smith*, 482 Mich at 304; see also *People v Steanhouse*, 322 Mich App 233, 243; 911 NW2d 253 (2017) (*Steanhouse III*) (holding that it is necessary for a trial court to articulate its reasons for the extent of a departure sentence imposed, to permit appellate review of whether the trial court abided by the principle of proportionality). If a trial court fails to make its reasons for a particular departure apparent, then this Court may not substitute its own judgment regarding the justifications relied upon by the trial court. *Smith*, 482 Mich at 304. Accordingly, we must vacate defendant's sentence and remand for resentencing. See *Steanhouse II*, 500 Mich at 476; *Milbourn*, 435 Mich at 668.[6]

We vacate defendant's sentence and remand to the trial court for resentencing. We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ Michael J. Kelly
/s/ Brock A. Swartzle

---

[6] On remand, when fashioning a reasonable sentence, the trial court should consider, if appropriate, any relevant mitigating circumstances. See *Milbourn*, 435 Mich at 653-654.

-4-