*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MRG LAKE VILLA, LLC,

        Plaintiff/Counterdefendant-
        Appellee,

v

ARROWOOD HOME RENTALS, LLC, also
known as ARROWOOD MOBILE HOMES, LLC,
and also known as ARROWOOD MOBILE
HOMES SALES

        Defendants-Appellants,

and

KENNETH C. BURNHAM,

        Defendant/Counterplaintiff-
        Appellant.

UNPUBLISHED
January 22, 2019

No. 341890
Oakland Circuit Court
LC No. 2014-142084-CK

Before: LETICA, P.J., and CAVANAGH and METER, JJ.

PER CURIAM.

Defendants appeal as of right the trial court's order, entered after remand from a prior panel of this Court, granting plaintiff's motion for summary disposition. We affirm.

## I. BACKGROUND

The basic facts underlying this dispute were discussed at length in this Court's prior opinion in this matter. *MRG Lake Villa, LLC v Arrowood Home Rentals, LLC*, unpublished per curiam opinion of the Court of Appeals, issued January 24, 2017 (Docket Nos. 329053 and 329180) (*MRG I*). As explained by the prior panel:

> This case called upon the trial court to determine the ownership of four mobile homes located at a mobile home park comprised of more than 700 lots.

This park was owned by Lake Villa Oxford Associates, LLC, with a mortgage on the property held by Equity First Michigan II, LLC. The record indicates that Lake Villa Oxford Associates defaulted on its obligations under the mortgage, that Equity First instituted foreclosure proceedings, and that the property was placed in receivership. While the property was in receivership, plaintiff contracted with Equity First to purchase Equity First's rights under that foreclosure action.

Subsequently, with plaintiff's assistance, Equity First entered into a "Mobile Home Purchase and Settlement Agreement" with Lake Villa Oxford Associates, defendant Burnham, and seven entities labeled as "Borrower Affiliate Parties." The settlement agreement identified Burnham as the "Guarantor," Equity First as the "Lender," and Lake Villa Oxford Associates as the "Borrower," and referred to Burnham and Villa Oxford Associates collectively as the "Borrower Parties." Schedule 1 of this agreement explicitly transferred ownership of the mobile home park's real property and 115 mobile homes on that property from the Borrower and Borrower Affiliate Parties to the Lender and, therefore, through the Lender to plaintiff. After listing the homes involved (identified by license number, serial number, age, and manufacturer), Schedule 1 provides a catchall provision that reads as follows:

> Together with all other mobile or manufactured homes owned by Borrower or any *Borrower Affiliate Party* (or Any Affiliate of Borrower or any Borrower Affiliate Party) located on the Property as of the date of this Agreement. [Emphasis added.]

The instant dispute arose when defendant Arrowood attempted to remove four mobile homes from the park after the settlement agreement went into effect and plaintiff refused to allow the removal. The parties do not dispute that the four mobile homes are not listed on Schedule 1 and that Arrowood is not listed as a Borrower Affiliate Party under the settlement agreement. Additionally, the parties do not dispute that Arrowood owned the mobile homes before the settlement agreement became effective.

Nonetheless, plaintiff filed a complaint with the trial court seeking to prove that it was the owner of the four homes pursuant to Schedule 1's "catchall provision" because Arrowood was an affiliate party of Burnham, the Borrower, and the Borrower Affiliate Parties under the settlement agreement. [*Id*. at 2 (emphasis and brackets in original).]

The trial court concluded "that the agreement unambiguously established that Arrowood was an affiliate of the Borrower and Borrower Affiliate Parties, and therefore ownership of the four mobile homes at issue transferred to plaintiff under the agreement." *Id*. at 3. Thus, the trial court granted plaintiff's motion for summary disposition. *Id*.

This Court then reversed the trial court. The prior panel agreed that defendant Arrowood was unambiguously included as an affiliate of the Borrower and three Borrower Affiliate Parties

under the agreement. *Id*. at 5-6. The panel found, however, that Arrowood did not sign the agreement and noted that, generally, a contract cannot bind a nonparty. *Id*. at 6. Nonetheless, the panel noted that "a non-signatory of a contract 'can still be bound by an agreement pursuant to ordinary contract-related principles, including incorporation by reference, assumption, agency, veil-piercing/alter ego, and estoppel.' " *Id*., quoting *AFSCME Council 25 v Wayne Co*, 292 Mich App 68, 81; 811 NW2d 4 (2011). The panel found that the "parties did not address and did not provide any evidence pertaining to any of these theories before the trial court" and concluded that summary disposition was "premature." *Id*. Thus, the prior panel remanded the case "to the trial court for a determination of whether Arrowood, as a non-signatory affiliate of the Borrower and three Borrower Affiliate Parties under the settlement agreement, was bound to transfer ownership of the four mobile homes to plaintiff under that agreement." *Id*. The prior panel did not retain jurisdiction. *Id*.

On remand, plaintiff again moved for summary disposition, arguing that defendant Arrowood was equitably estopped from denying the transfer of the four mobile homes. Plaintiff argued that Arrowood's president, defendant Burnham, represented to it that Arrowood's mobile homes on the property were included in the sale, that Burnham intended for plaintiff to rely on this misrepresentation, and that plaintiff did, in fact, rely on the misrepresentation. Plaintiff also pointed out that defendant Burnham and the seven specified "Borrower Affiliate Parties" that Burnham represented expressly warranted in the Settlement Agreement that no affiliate owned any mobile home on the property. According to plaintiff, either of these misrepresentations was sufficient to invoke the doctrine of equitable estoppel, preventing Arrowood from denying the sale. Alternatively, plaintiff claimed that agency principles warranted relief, arguing that defendant Burnham, as a controlling agent of the various affiliates, should be held personally liable for the misrepresentations.

Defendants responded that plaintiff did not raise an agency or estoppel argument in its case-in-chief and that the Court of Appeals was wrong to remand this case for exploration of those theories. Defendants then revived their argument that the parties did not intend to transfer the four mobile homes through the Settlement Agreement's catchall provision.

The trial court concluded that plaintiff's motion was properly supported by appropriate MCR 2.116(C)(10) documentary evidence, and noted that this Court had already determined that the parties unambiguously intended to transfer ownership of the four mobile homes in the Settlement Agreement. The trial court found "frustrating" defendants' decision "not to respond to Plaintiff's agency and estoppel arguments (instead choosing to rehash arguments decided against them on appeal)." Accordingly, the trial court granted plaintiff's motion for summary disposition, "[b]ecause Defendants fail[ed] to respond to the agency and estoppel arguments raised in Plaintiff's motion on the specific issue the Court of Appeals remanded on." This appeal followed.

## II. ANALYSIS

"We review de novo a trial court's grant or denial of summary disposition." *Tomra of North America, Inc v Dep't of Treasury*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket Nos. 336871 and 337663); slip op at 2. A motion under MCR 2.116(C)(10) tests the factual sufficiency of the parties' claims. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d

817 (1999). Under this court rule, a "party may move for dismissal of or judgment on all or part of a claim," MCR 2.116(B)(1), when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law," MCR 2.116(C)(10). "A genuine issue of material fact exists when the record, drawing all reasonable inferences in favor of the nonmoving party, leaves open an issue on which reasonable minds could differ." *Campbell v Kovich*, 273 Mich App 227, 230; 731 NW2d 112 (2006). When making a motion under MCR 2.116(C)(10), the moving party is required to provide "[a]ffidavits, depositions, admissions, or other documentary evidence in support of the grounds asserted in the motion." MCR 2.116(G)(3)(b).

MCR 2.116(G)(4) governs the trial court's review of an MCR 2.116(C)(10) motion and provides:

> A motion under subrule (C)(10) must specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact. When a motion under subrule (C)(10) is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, judgment, if appropriate, shall be entered against him or her.

Thus, the "court rule plainly requires the adverse party to set forth specific facts at the time of the motion showing a genuine issue for trial." *Maiden*, 461 Mich at 121.

Here, plaintiff claimed that it was entitled to summary disposition on agency and estoppel grounds. Plaintiff supported this claim with proper documentary evidence, i.e., citations to representations that defendant Burnham and his affiliates made in the Settlement Agreement and this Court's conclusions in *MRG I*. Thus, the burden shifted to defendants to set forth specific documentary evidence showing that there was a genuine factual issue that agency and estoppel did not apply. MCR 2.116(G)(3), (4).

Defendants chose not to respond to plaintiff's agency and estoppel arguments. Instead, defendants revisited the arguments they made in the earlier proceedings, i.e., that the parties did not intend in the Settlement Agreement to transfer ownership of Arrowood's four mobile homes to plaintiff.[1] This argument, however, was rejected by the prior panel of this Court in the earlier appeal. This Court's conclusion that the parties *did* intend to transfer ownership of the four mobile homes stands as the law of the case and bars the parties from relitigating the issue—either on remand or in this appeal. *Brownlow v McCall Enterprises, Inc*, 315 Mich App 103, 110; 888 NW2d 295 (2016); see also *People v Herrera (On Remand)*, 204 Mich App 333, 340; 514 NW2d 543 (1994). Similarly, the law-of-the-case doctrine barred the trial court from reaching defendants' argument that this Court erred by remanding the case for determination of whether agency or estoppel principles warranted relief. *Id*. Likewise, the doctrine bars this panel from

---

[1] Defendant's brief on appeal is equally unresponsive to plaintiff's arguments, again revisiting the intent argument rejected by the prior panel.

reaching the issue on appeal. *Id*. If defendants disagreed with the prior panel's remand order, their recourse was to file a motion for reconsideration with the prior panel or apply to appeal the order to the Supreme Court. MCR 7.215(I); MCR 7.305. Defendants did neither.

Thus, because defendants failed to respond to plaintiff's motion for summary disposition, the trial court properly entered judgement against them. MCR 2.116(G)(4).

Affirmed.

/s/ Anica Letica
/s/ Mark J. Cavanagh
/s/ Patrick M. Meter