*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

COREY ALLEN DOTSON,

        Defendant-Appellant.

UNPUBLISHED
November 30, 2023

No. 362945
Wayne Circuit Court
LC No. 06-011003-02-FC

Before: O'BRIEN, P.J., and K. F. KELLY and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Corey Dotson, appeals by delayed leave granted[1] the order denying his successive motion for relief from judgment. For the reasons stated in this opinion, we reverse and remand for further proceedings.

## I. BASIC FACTS

On July 29, 2006, Denetrice Self was shot dead while sitting in the driver's seat of a vehicle. Bennie Robinson, a childhood friend of Self's, had been sitting in the passenger seat. Robinson testified at trial that he heard gunshots and saw a man named David Williams firing a gun into the driver's side of the vehicle at close range. Robinson got out of the vehicle and saw Dotson, who was also holding a gun, near the back of the vehicle. Both Williams and Dotson fired shots at Robinson as he ran away. At trial, Robinson explained that he had known Williams and Dotson since childhood and that, although he had once been on cordial terms with both, they had blamed an associate of his for killing three friends and relatives of Williams.

Following a jury trial, Dotson was convicted of second-degree murder, MCL 750.317, assault with intent to commit murder, MCL 750.83, possession of a firearm during the commission

---

[1] *People v Dotson*, unpublished order of the Court of Appeals, entered February 21, 2023 (Docket No. 362945).

of a felony, MCL 750.227b, and felon in possession of a firearm, MCL 750.224f. He appealed to this Court, and, while that appeal was pending, moved to remand to the trial court for a new trial or an evidentiary hearing. He argued that after the trial, Robinson executed an affidavit admitting that he had lied when he testified that Dotson was one of the shooters. This Court denied the motion to remand[2] and affirmed his convictions in an unpublished per curiam opinion.[3] Thereafter, Dotson, *in propria persona*, moved for relief from judgment under MCR 6.508(D)(3), claiming that Robinson's affidavit constituted new evidence justifying a new trial. The trial court denied the motion, finding Robinson's affidavit was invalid and was "particularly suspect and untrustworthy because Defendant fails to explain the circumstances around which he came to possess the document." Additionally, the court found "the purported affidavit does not make sense when taken into consideration with the other evidence in the case."

Relevant to this appeal, in October 2017, Dotson, *in propria persona*, filed a successive motion for relief from judgment under MCR 6.502(G)(2) and MCL 770.1, claiming that he was entitled to a new trial. According to Dotson, after the trial court denied his initial motion for relief from judgment, he obtained new affidavit evidence from Robinson, Paul Smith (Robinson's cousin), and Antonio Payton (an eyewitness). Because Dotson obtained this evidence after filing his initial motion for relief from judgment, he believed that he met the threshold requirements of MCR 6.502(G)(2). Dotson argued that he established good cause for not presenting the evidence in his prior motion because he did not know this evidence existed until after his conviction and initial motion for relief from judgment. Alternatively, he argued that because the new evidence exonerated him and implicated a different perpetrator, and because there was no physical evidence linking him to the crime, the trial court could waive the good cause requirement. Further, Dotson claimed he suffered actual prejudice because he likely would have had a chance of acquittal if he had known that another individual could be identified as the shooter and if he had known that Robinson and another individual had conspired to falsely blame him for the shooting.[4]

The court denied the successive motion for relief from judgment, finding that Dotson failed to show he had good cause for not presenting the evidence in his prior motion and that he failed to "demonstrate that the claim of new evidence could not be discovered before the first such motion." Dotson sought delayed leave to appeal in this Court and, in lieu of granting Dotson's application for leave to appeal, this Court vacated in part the order denying the successive motion for relief from judgment. *People v Dotson*, unpublished order of the Court of Appeals, entered September 14, 2018 (Docket No. 342914). This Court explained:

---

[2] *People v Dotson*, unpublished order of the Court of Appeals, entered November 18, 2008 (Docket No. 276394).

[3] People v Dotson, unpublished per curiam opinion of the Court of Appeals, issued December 11, 2008 (Docket No. 276394).

[4] Dotson also raised a claim that the prosecutor failed to disclose favorable evidence, that the newly discovered evidence provided a basis for a freestanding claim of actual innocence, and that his lawyer provided ineffective assistance. These claims are not, however, relevant to the issue raised on appeal.

To survive the procedural bar of MCR 6.502(G)(l), defendant was not required to demonstrate that he could not have discovered the new evidence on which his motion is based prior to filing his first motion for relief from judgment. Cf. *People v Watkins*, 500 Mich 851; 883 NW2d 758 (2016) (explaining that the *Cress* four-factor test does not apply to the procedural bar of MCR 6.502(G), because the plain text of the court rule does not so require). The affidavit authored by Antonio Payton does present "new evidence that was not discovered before" defendant's first motion for relief from judgment. MCR 6.502(G)(2). From the present record, we are unable to determine whether the affidavits authored by Paul Smith and Bennie Robinson are new evidence. The trial court also erred by finding that defendant failed to demonstrate good cause for failing to raise his claims of newly discovered evidence previously. *People v Swain*, 288 Mich App 609, 631-632, 635; 794 NW2d 92 (2010). On remand, the trial court is directed to first determine whether the affidavits from Paul Smith and Bennie Robinson amount to new evidence under MCR 6.502(G)(2). The trial court shall then evaluate the new evidence presented by defendant to determine whether he can demonstrate actual prejudice under MCR 6.508(D)(3)(b), holding an evidentiary hearing if necessary, see MCR 6.508(B) and (C). In all other respects, leave to appeal is DENIED because defendant has failed to establish that the trial court erred in denying the motion for relief from judgment.[*Id.*]

Approximately four years after this Court issued the remand order,[5] the trial court again denied Dotson's successive motion for relief from judgment. Dotson now appeals that decision by leave granted.

## II. SCOPE OF REMAND

### A. STANDARD OF REVIEW

Dotson argues the trial court improperly denied his successive motion for relief from judgment because it exceeded the scope of this Court's September 2018 remand order. We review a trial court's decision on a motion for relief from judgment "for an abuse of discretion and its findings of facts supporting its decision for clear error." *Swain*, 288 Mich App at 628. "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Grant*, 329 Mich App 626, 634; 944 NW2d 172 (2019) (quotation marks and citation omitted). "A trial court necessarily abuses its discretion when it makes an error of law." *People v Everett*, 318 Mich App 511, 516; 899 NW2d 94 (2017) (quotation marks and citation omitted). "Whether a trial court followed an appellate court's ruling on remand is a question of

---

[5] Because of the trial court's lengthy delay in commencing the proceedings on remand, Dotson filed a complaint for writ of superintending control with this Court. The complaint was denied as moot because, in the interim, the trial court had denied Dotson's successive motion for relief from judgment after the complaint for superintending control was filed. *People v Dotson*, unpublished order of the Court of Appeals, entered July 7, 2022 (Docket No. 360757).

law that this Court reviews de novo." *People v Lampe*, 327 Mich App 104, 111; 933 NW2d 314 (2019) (quotation marks and citation omitted).

## B. ANALYSIS

"Following a remand from this Court, the power of the lower court on remand is to take such action as law and justice may require so long as it is not inconsistent with the judgment of the appellate court." *Lampe*, 327 Mich App at 111 (quotation marks, brackets, and citation omitted). "When an appellate court remands a case with specific instructions, it is improper for a lower court to exceed the scope of the order." *People v Russell*, 297 Mich App 707, 714; 825 NW2d 623 (2012). Further, the law-of-the-case doctrine "provides that an appellate court's decision regarding a particular issue is binding on courts of equal or subordinate jurisdiction during subsequent proceedings in the same case." *People v Herrera*, 204 Mich App 333, 340; 514 NW2d 543 (1994).

Generally, "one and only one motion for relief from judgment may be filed with regard to a conviction." MCR 6.502(G)(1). However, a defendant may file a successive motion based on "retroactive change in law that occurred after the first motion for relief from judgment was filed," or "a claim of new evidence that was not discovered before the first such motion." MCR 6.502(G)(2). "A defendant has the burden to establish entitlement to relief." *Swain*, 288 Mich App at 630, citing MCR 6.508(D). A court may not grant relief unless defendant shows "good cause for failure to raise such grounds on appeal or in the prior motion," and "actual prejudice from the alleged irregularities that support the claim for relief." MCR 6.508(D)(3). As relevant to this case, Dotson can demonstrate actual prejudice by showing either (1) "but for the alleged error, [he] would have had a reasonably likely chance of acquittal," or (2) "the irregularity was so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand regardless of its effect on the outcome of the case." See MCR 6.508(D)(3)(b)(i) and (iii). "Because a successive motion for relief from judgment may only be filed if, after the first motion, there is a retroactive change in the law or new evidence is discovered, the "good cause" and "actual prejudice" requirements of MCR 6.508(D)(3) are not relevant until, and are only relevant if, the trial court determines that the successive motion falls within one of the two exceptions of MCR 6.502(G)(2)." *Swain*, 288 Mich App at 632-633.

We conclude that, in this case, the trial court made several errors on remand. First, in the remand order, this Court concluded that Payton's affidavit presented "new evidence" under MCR 6.502(G)(2). Second, we directed the trial court to consider whether the affidavits from Smith and Robinson presented new evidence under MCR 6.502(G)(2). We ordered that, after making that determination, the trial court should evaluate the new evidence (i.e., Payton's affidavit and, if determined by the trial court to be new evidence, Robinson and Smith's affidavits) to determine whether Dotson established actual prejudice under MCR 6.508(D)(3)(b).

On remand, however, the trial court only acknowledged that it was required to evaluate whether Robinson and Smith's affidavits were new evidence under MCR 6.508(G)(2). It did not explicitly make any such determination. Instead, rather than analyzing whether Dotson met the

procedural threshold of MCR 6.502(G)(2), the trial court cited and relied on the *Cress*[6] factors for its analysis. The *Cress* factors, however, do "not apply to the procedural threshold of MCR 6.502(G)(2), as the plain text of the court rule does not require that a defendant satisfy all elements of the test." *People v Swain*, 499 Mich 920 (2016). Further, we note that, without analysis as to the threshold question, the court repeatedly stated that the evidence was "newly discovered evidence." The court's finding that Payton's affidavit was not new evidence was contrary to the law of the case because this Court had held in the remand order that Payton's affidavit was, in fact, new evidence. Next, confusingly, the trial court found that it had already considered the affidavits from Payton, Smith, and Robinson, which had been presented in Dotson's October 2017 motion for successive relief from judgment, and that, as a result, Dotson was not entitled to relief unless he could establish a retroactive change in the law that undermined the court's earlier order. In doing so, the court did not acknowledge that the prior order to which it referred had, in fact, been vacated by this Court in the remand order. To the extent that the court considered itself bound by its prior, vacated order, the trial court erred.

The court also erred in its analysis as to whether Dotson could demonstrate good cause and actual prejudice under MCR 6.508(D)(3). After examining Smith and Robinson's affidavits, the trial court should have determined whether they constituted new evidence and, if so, did the new evidence actually prejudice defendant under MCR 6.508(D)(3). The trial court instead found that Dotson had failed to demonstrate good cause or actual prejudice under MCR 6.508(D)(3) because he: (1) "failed to raise his current challenges earlier in the appellate process before filing his motion for relief" or "during his appeal of right"; (2) "was tried by a jury and represented by counsel" and could not establish his claim of actual innocence and waive the good cause requirement; and (3) failed to show there was a retroactive change in the law justifying relief. Such findings were erroneous.

First, in the remand order, this Court expressly found that the trial court erred by finding that Dotson could not show good cause because he had failed to raise his claims of newly discovered evidence earlier. Moreover, the remand order only directed the court to consider the actual-prejudice requirement. Thus, the trial court was not free on remand to restate its already rejected good-cause analysis. Second, the mere fact that a defendant was tried by a jury and represented by a lawyer does not automatically preclude a defendant from establishing actual innocence. Moreover, we note that the trial court conducted no analysis as to whether the new evidence made it reasonably likely Dotson would have been acquitted or whether the exclusion of the evidence was so offensive to the judicial process that Dotson's conviction should not be allow to stand. MCR 6.508(D)(3)(b)(*i*) and (*iii*). Such an analysis is essential in determining whether there was actual prejudice under MCR 6.508(D)(3).

Dotson also could not have raised his new evidence argument during his direct appeal, because Payton, Smith, and Robinson executed their affidavits long after Dotson filed his direct appeal. It is also unclear why the trial court partially based its analysis on Dotson's failure to show there was a retroactive change in the law justifying relief. The retroactive change in the law requirement is part of the procedural bar of MCR 6.502(G)(2), not the actual prejudice requirement

---

[6] *People v Cress*, 468 Mich 678; 664 NW2d 174 (2003).

under MCR 6.508(D)(3). Moreover, Dotson never alleged that he was entitled to relief based upon a retroactive change in the law.

The court made other errors. For instance, the court held Smith and Robinson's affidavits lacked merit because the evidence was unreliable and untrustworthy recantation testimony. Smith's evidence, however, was not recantation testimony because he had never testified during Dotson's trial. Additionally, although Robinson's testimony was recantation testimony, that fact alone does not render it inherently unreliable and untrustworthy. Rather, when determining whether new evidence makes a different result probable on retrial, "the trial court should consider all relevant factors tending to either bolster or diminish the veracity of the witness's testimony." *People v Johnson*, 502 Mich 541, 567; 918 NW2d 676 (2018). Because the trial court did not consider any other factors, it abused its discretion by concluding Robinson's testimony was untrustworthy.

Overall, the trial court's ruling on remand does not follow the holdings and directives of this Court, and as a result, we conclude that the trial court exceeded the scope of the remand order and necessarily abused its discretion. On remand, the trial court should first consider whether the affidavits from Robinson and Smith present new evidence under MCR 6.502(G). If the court determines that Robinson and Smith's affidavits are not new evidence, i.e., that they do not meet the threshold requirement under MCR 6.502(G), then the court shall not consider these affidavits further. See *Swain*, 288 Mich App at 633 (noting that if the proffered evidence is not, in fact, "new evidence" then the court is required to deny the defendant's successive motion for relief from judgment). Second, the court shall evaluate whether the new evidence—Payton's affidavit and, if found to be new evidence by the trial court, Robinson and Smith's affidavits—allow Dotson to demonstrate actual prejudice under MCR 6.508(D)(3)(b). The court shall not reconsider the issue of good cause. If necessary, the trial court may hold an evidentiary hearing, see MCR 6.508(B) and (C).

## II. REMAND BEFORE A DIFFERENT JUDGE

Dotson argues that remand to a different judge is required based upon the court's failure to follow the remand order from this Court and the lengthy delay in commencing the remand proceedings. We conclude that remand before a different judge is not required. Notwithstanding that there was a lengthy delay in commencing the remand procedures, this Court is mindful that at least part of the delay is likely to be attributable to the COVID-19 pandemic. And, although Dotson contends that reassignment is necessary to preserve the appearance of justice, we discern no appearance of injustice in this case. The trial court made an erroneous ruling on remand after a lengthy delay. The record is devoid of any indication that the original judge "would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected." See *People v Hill*, 221 Mich App 391, 398; 561 NW2d 862 (1997).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. The trial court should commence proceedings on remand within 90 days of the effective date of this opinion under MCR 7.215(F)(1)(a).

/s/ Colleen A. O'Brien
/s/ Kirsten Frank Kelly
/s/ Michael J. Kelly